SMITH *against* SCOTT'S RIDGE SCHOOL DISTRICT.

In an action on a building contract, brought by the builder, to recover the compensation provided by the contract, it is as necessary to show performance, as in actions on other contracts; but the law regards a substantial performance as sufficient.    Therefore, unintentional and unimportant variations from the specifications of the contract, by which the building is not injured, will not defeat a recovery.

In such action it was claimed, by both parties, that there was a special contract for the building of a district school-house, but they differed as to the terms of the contract, the plaintiff claiming, that he was to do only the carpenter and joiner work and furnish materials, while the defendants claimed that the contract included the mason work, as well as the carpenter and joiner work ; that the work and materials were to be in conformity to a certain list of specifications, and that the building was to be completed by a certain time; the parties differed also, as to the performance of the contract, except that the plaintiff admitted he had not done the mason work.    The court thereupon charged the jury, in the first place, that if the contract was, as claimed by the defendants, a contract to complete the whole house, including the mason work, the plaintiff could not recover; but if the contract was as claimed by the plaintiff, then he could recover the contract price for his work and materials, if he had substantially performed his contract; but if he had not so performed it, then he could not, in any event, recover the contract price.    The court then charged the jury, that if they should find, that the defendants agreed with the plaintiff to do the carpenter and joiner work only, and furnish materials, and that he had done the work and furnished the materials, [substantially] according to his contract, that he had built the house on the spot designated by the defendants, and they had suffered him to go on, without objection, in the building of the house until its completion ; and if the house was reasonably fit for the purposes for which it was erected; the plaintiff might recover what it was reasonably worth to the defendants, for such purposes, although there was a special contract, which had not been strictly performed, in regard to the quality of the work and materials.    Held, 1. that the first part of the charge was

wrong, because it did not meet the claims of the defendants, and might well mislead the jury; 2. that the latter part of the charge was incorrect, in assuming that the building, under the circumstances stated, was necessarily beneficial to the defendants; 3. that the designation of the site by the defendants, though equivalent to a recognition of it by them, as their land, would not make the building beneficial to the defendants.

Where the defendants, in such case, warned and held a school meeting, in such house, after its erection; at which meeting they voted not to accept of the building, and voted also, to have a summer school; it was held, that such use of the building did not amount to an acceptance thereof.

*Fairfield,*
August, 1850.

Smith
*v.*
Scott's Ridge
School District

THIS was an action of *assumpsit* for work performed and materials furnished, in the building of a school-house for the defendants. The general issue was pleaded, with notice of special matter to be given in evidence. The cause was tried at *Fairfield, October* term, 1849.

On the trial, the plaintiff claimed to have proved, that he was employed, by the building committee of the district, to build a school-house, at a place selected by them for that purpose, under a contract with them, sanctioned by the district; by which contract the plaintiff was to do the carpenter and joiner work, and to furnish materials therefor, at the price of 200 dollars.

The defendants claimed, that the work done and materials found, by the plaintiff, were done and found under an agreement with the building committee to build the school-house according to the following specifications: 23 feet long, by 17 feet wide; the sills to be white oak or white chesnut, 6 by 6; the posts to be 9 feet, 6 by 6; the end joists to be 5 by 7; the middle girt, 7 by 8; the studs to be 2 by 4, and 16 inches from centre to centre; the sleepers to be 2 feet from center to center; the plates to be 6 by $5\frac{1}{2}$: 12 braces, $4\frac{1}{2}$ by 3; rafters, 10 feet long, $2\frac{1}{2}$ by 4; the siding to be tally boards, free from shakes, knots and sap; the lap $1\frac{1}{4}$ inches, and rubbed down $1\frac{1}{2}$ inches; the roof to be of first-rate pine shingles and jointed, to be laid to the weather $4\frac{1}{2}$ inches, with ridge boards; window frames $1\frac{1}{4}$ inches; window sills and caps, 2 inches; 6 windows, 2 on each side, 2 on the end; 12 lights, 7 by 9, each; the sash to have 2 coats of paint; 4 lights over the door; the floor to be yellow rock or white oak, one inch thick, and from 6 to 10 inches wide, and to be grooved; to have window shutters to all the windows; an entry, 4 feet in the clear, and ceiled up, all around; the

height between floor and wall, 8 feet ; a pantry with shelves, 4 by 5 feet, parted off in the entry ; the cieling round to be as high as the writing desks ; 3 doors, made with batting, hung with butts and screws ; the outside door to have 3 four-inch butts, with lock and key, and all essential trimmings ; a frieze board, under the eaves, from 10 to 12 inches, and a plain weather board ; to be done in a workman-like manner ; lath and plaster with two coats and white-wash.

The defendants also claimed to have proved, that it was a part of the contract, that the school-house should be completed by the 1st of *June* 1847 ; and that the plaintiff was to do the whole of the work for 220 dollars.

All these claims of the defendants were denied by the plaintiff, who claimed, that by the contract, he was to do the carpenter and joiner work only, for 200 dollars ; and that one *Wade* was, by express agreement with the committee, to do the mason work, for 20 dollars.

The plaintiff did not claim, that he had done the mason work, but claimed that he had done all that by his contract he was to do, in all essential particulars.

The defendants claimed, that the rafters were not according to the contract ; and it was proved, and not denied, that the floor was not grooved, but was battened ; and that the rafters were made of round sticks, hewed only on one side. They further claimed, that the carpenter work and materials varied, in many essential particulars, from the contract, as they claimed it to have been ; that the work was not done in a workmanlike manner ; and that it was not completed by the 1st day of *June* 1847 ; that the key of the house was never delivered to them ; and that the possession of it had been retained by the plaintiff.

The plaintiff then offered evidence to prove, that the rafters were sufficient for the purpose, and that a battened floor was in fact better than a grooved floor ; that no particular time was fixed for the completion of the building, but that the committee only expressed a wish that it might be done about or near the 1st of *June* ; that he did in fact do all that by his contract he was to do, within four or five days of that time ; and that upon such completion of the building, he tendered the key thereof, and offered the possession thereof, to the committee, which they refused to accept.

On the 14th of *June* 1847, the committee of the district warned a meeting of the inhabitants, to be held " at the new house built for said district," on the 21st of that month, for the purpose of accepting such house; also, to make arrangements for a summer school, and to transact any other business proper for the meeting to do. A meeting was accordingly held, at the time and place appointed, when the following votes were passed : "A motion being made to accept of the house, it was lost. Voted, that we will not accept of the house. Voted, that we will have a summer school."

The plaintiff also claimed, that he was employed, by the building committee, and by the district, to build said house, on the spot on which it was erected; and that these acts amounted to an acceptance of the house.

He further claimed, that if he had, in all essential particulars, fulfilled his contract, he was entitled to recover the sum of 200 dollars, with interest ; and that, if he had not, in all particulars, so completed it, yet if he had built for the defendants, a school-house suitable for the purposes of a school-house for the district, which had been accepted by them, or become beneficial to them, he was entitled to recover what it was reasonably worth; and he requested the court so to instruct the jury.

The defendants claimed, that if the house never came into the possession of the district, in any other way than by being built on the spot where it was located, although the key had been tendered to them ; and if it was not built essentially according to the contract, the plaintiff could not recover; and further, that if the house had not been done essentially according to the contract, and had been of no benefit to the defendants, the plaintiff could not recover.

The court charged the jury, that if the contract was, as claimed by the defendants, a contract to complete the whole house, including the mason-work, the plaintiff could not recover, inasmuch as it was admitted, that the mason-work had not been done; but if the contract was, as claimed by the plaintiff, then he could recover the contract price for his work and materials, if he had substantially performed his contract ; but if he had not performed it, then he could not, in any event, recover the contract price for his work and materials.

The court further instructed the jury, that if they should

*Fairfield,*
August, 1850.

Smith
*v.*
Scott's Ridge
School District

*Fairfield,*
August, 1850.

Smith
*v.*
Scott's Ridge
School District

find, that the district agreed with the plaintiff to do the carpenter and joiner work only, and to furnish the materials therefor, and that he had done the work and furnished the materials pursuant to his contract ; that he had built the house on the spot designated by the committee ; and that the committee and the district suffered him to go on, without objection, in the building of the house, until its completion ; and if they should find, that the house was reasonably fit for the purposes for which it was erected ; the plaintiff might recover what the house was reasonably worth to the district for the purposes of a school-house, although there was a special contract, which had not been strictly performed, in regard to the quality of the work and materials ; and that in such case, if the work and materials were inferior to such as were provided for in the contract, the damages should be reduced, to the extent at least of the difference between such inferior work and materials, and the work and materials provided for in the contract.

The court further instructed the jury, that if the house was reasonably fit for the purposes of a school-house, it would be beneficial to the district for those purposes ; but if it was so unskillfully erected, and was made of such inferior materials, as to be unfit for the use of the district, as a school-house, the plaintiff could not recover.

The jury returned a verdict for the plaintiff, with 190 dollars damages ; and the defendants moved for a new trial, for a misdirection.

*Dutton* and *N. L. White,* in support of the motion, contended, 1. That the work done and materials furnished, having been done and furnished by the plaintiff, under a special contract, which, it is conceded, he has not performed, or shown an excuse for non-performance, he cannot recover. *Londregon* v. *Crowley,* 12 *Conn. R.* 558.

2. That the charge of the court, that if the plaintiff had built the house on the spot designated by the committee, and it was reasonably fit for the purposes of a school-house, it would be beneficial to the district for those purposes, and the plaintiff would be entitled to recover, was erroneous. The plaintiff had a right to remove the building, and the defendants were not bound to accept it. At any rate, the question

whether they were bound to accept it, should have been left to the jury. The court could not say, as matter of *law*, that it was beneficial. *Ellis* v. *Hamlen*, 3 *Taun*. 52.

3. That from facts in the case, either undisputed, or claimed and not submitted, it appears, that the house has been of no benefit whatever to the district. The plaintiff locked it and has the key in his possession ; and it has never, in any manner, been used by the district, except when they met in it to examine it, and refused to accept it.

*Hawley* and *Booth*, contra, contended, 1. That the charge of the court to the jury, in relation to the right of the plaintiff to recover what the house was reasonably worth, was entirely unexceptionable. *Bul. N. P.* 139. *Chitt. Cont.* 451, 2. (*in notis.*) 569, 70. *Leeds* v. *Burrows*, 12 *East*, 1. *Smith* v. *First Congregational Meeting-house in Lowell*, 8 *Pick*. 178. *Hayward* v. *Leonard*, 7 *Pick*. 181. *Hollingshead* v. *Mactier*, 13 *Wend*. 276. *Dubois* v. *Delaware and Hudson Canal Co.*, 4 *Wend*. 285. *Rees* v. *Lines*, 8 *Car. & Pa*. 126. (34 *E. C. L.* 324.) *Linningdale* v. *Livingston*, 10 *Johns. R.* 36. *Van Deusen* v. *Blum*, 18 *Pick*. 229. 231. *Cook* v. *Munstone*, 1 *New Rep*. 355. *Tuttle* v. *Mayo*, 7 *Johns. R.* 132.

2. That the charge of the court relative to the amount of damages the plaintiff was entitled to recover, was correct. *Hayward* v. *Leonard*, 7 *Pick*. 187.

3. That the district, by warning and holding the meeting of *June* 1847, in the school-house, virtually accepted it, and waived all exceptions to the non-performance by the plaintiff of the special contract. (*a*)

HINMAN, J. The plaintiff, in this case, claimed to recover for work and labour done, and materials furnished, in building for the defendants a school-house. Both parties claimed, that there was a special contract, under which the work was undertaken ; and, although they differed widely in regard to the terms of it, yet, it does not seem to have been questioned, that it was of such a character, as to make the plaintiff's com-

(*a*) There were some other points discussed, by the counsel on both sides, which it is not necessary to mention.

pensation to depend upon performance, on his part, of the agreement, such as it was.

The plaintiff claimed, that he had performed his contract. The defendants insisted, that he had not ; but that the work and materials varied, in many essential particulars, from the contract, as they claimed it ; particularly, that the work was not done in a workman-like manner ; that the materials were not such as the contract called for ; that some of the work was left wholly undone ; and that it was not completed within the time, when, by the terms of the contract, it was to have been done. The defendants, also, denied, that they had ever accepted of the house ; or that it had ever, in any way, come into their possession or use. And they claimed, that if it had not been built essentially according to the contract, the plaintiff could not, under these circumstances, recover any thing for what he had done.

There is no real difficulty as to the law on such a subject as this.

There is no difference in regard to the duty of performance, arising from the fact of its being a building contract. Contracts of this description are as binding as any other ; and where a builder's compensation is made dependent on his performance, it is both just and legal, that his non-performance should deprive him of it. Good faith requires the performance of all contracts. If it be said, that it is very difficult for a builder literally to comply with all the minute specifications in a contract of this description, the answer is, the difficulty, if there be one, the builder takes into consideration when he makes his contract ; and if it is such that he cannot comply with it, it is his folly to enter into the agreement. But there is no real difficulty. The law looks at the substantial performance ; and if in good faith, and unintentionally, he departs, in some trifling particular, from the literal terms of the agreement ; if it appear that the variation is unimportant ; no doubt he would be entitled to his compensation. 1 *Saund.* 216. n. 2. On this ground, in this case, the shape of the rafters, which, the defendants claimed, varied from the specifications in the contract, and, perhaps, the neglect of the plaintiff to groove the floor, and in lieu thereof, battening it, might be overlooked, as variations too small to be noticed, if it was found, that the building was not injured in consequence

of them.   But if he has voluntarily departed from the terms <span>*Fairfield,*<br>August, 1850.</span> of the contract, in any material or essential particular, or has not performed it within the time stipulated ; and performance <span>Smith<br>*v.*<br>Scott's Ridge<br>School District</span> in these respects is made a condition on which he was to receive his compensation ; then, by the terms of the law, which he has voluntarily prescribed for himself—his contract—he has no right to call for any pay.

The judge who tried the cause, in one part of his charge, recognizes these principles fully.   He told the jury, that as it was admitted the mason-work had not been done, if the contract was, as claimed by the defendants, a contract to complete the whole house, including the mason-work, the plaintiff could not recover.   But it was not, alone, in regard to the mason-work, that the parties differed as to the terms of the contract.   And, although the court might not have intended to instruct the jury, that they would be authorized to render a verdict for the plaintiff, if he had voluntarily abandoned the contract, and refused to complete it, in any material particular ; yet, we think, the manner in which the whole case was presented to them, such, that they might reasonably so have understood the charge.

The defendants claimed, that the work and materials varied from the contract, in many essential particulars ; and that, if the house had not been built, essentially, according to the contract, and had been of no benefit to the defendants, the plaintiff could not recover.

The court did not meet this claim, or sanction it, in any other way than in its instruction to them in regard to the mason-work.   We think this was clearly wrong.   The defendants were right in this claim ; and the neglect of the court to notice it, especially when taken in connexion with the instruction given in regard to the plaintiff's omission to complete the mason-work, might well have led the jury to suppose, that his omission of other important parts of the work, or his imperfect and unauthorized completion of it, would not subject him, and his cause, to a like result.

But the court went further than this.   The jury were instructed, that if they found, that the plaintiff's contract was to do the carpenter and joiner work only, and to furnish the materials ; and that he had done it, and had built the house on the spot designated and sanctioned by the district ; and had

been suffered to go on and complete the house, without objection ; and if the house was reasonably fit for the purpose for which it was erected ; the plaintiff might recover what the house was reasonably worth, although there was a special contract which had not been strictly performed, in regard to the quality of the work and materials. This part of the charge was no doubt intended to rest on the ground, that where a party has performed work and furnished materials for another, though not according to the terms of a special agreement existing between them, he may, in certain cases, recover a *quantum meruit* for the work and materials thus done and furnished ; and if the work and materials, under these circumstances, have been accepted, or have been beneficial to the party, the principle seems to be correct. *Smith* v. *First Congregational Meeting-house in Lowell,* 8 *Pick.* 178.

The error of the court, in this part of the charge, was, in assuming, that, if the building was on the spot designated by the district, and the plaintiff had been suffered to go on and build there, without objection, the house was necessarily beneficial to the district, if it was reasonably fit for the purpose for which it was erected. So far as the charge recognized the plaintiff's claim, that the building, being on the spot designated by the district, it was the same as if it was on the district's land, it was, undoubtedly, correct. But it was incorrect to say, that the house was beneficial to the district, because it was upon the district's land, or, upon land on which they had directed it to be built. If it had been accepted by the district, then, no doubt it would be beneficial to them ; and they ought to pay what it was reasonably worth ; or, if they had interfered, or should interfere, to prevent the plaintiff from removing it, then, it would seem, they ought to pay for it. But, until they have accepted it, or made use of it, or, at least, have made claim to it, as being on their land, and have interfered to prevent the builder from removing it, they ought not to be compelled to pay any thing. The building, under such circumstances, would be one which they had never contracted for, and which they had never agreed to take ; and to compel them to pay, would be making a contract for them, contrary to their wishes.

The district committee warned a district meeting at the

new school-house, for the purpose of accepting it ; and the *Fairfield,* August, 1850. meeting, thus warned, was held, and voted not to accept it ; and, at the same meeting, they voted, that they would have a summer school. The plaintiff claims, that these acts amount to an acceptance of the house. It is clear, that the act of the committee, in warning the meeting at the new house, was not intended to have that effect ; because it was a call upon the district collectively to act upon the subject. The district as clearly did not intend to accept it ; because they expressly voted they would not accept it.

*Smith v. Scott's Ridge School District*

If, then, there is any thing that can amount to an acceptance, it is, the use they made of the house in holding a meeting there ; but the meeting was held for the purpose of accepting, or of refusing to accept, as it might see fit. A meeting for this purpose, we see no impropriety in their warning and holding at the new house. It might well enough be, that they chose to have the meeting in the new house, for the reason that it would be more convenient for the members of the district, each, to examine the house, and determine for himself, whether it was proper to accept it, rather than to appoint a committee to make the necessary examination. We do not think this fact, of itself, sufficient for the court to say, that it amounts to an acceptance. At most, it seems to amount to nothing more than evidence to go to a jury on the question of acceptance.

This being so, it is impossible for the court to say, as matter of law, that there was such an acceptance as rendered the district liable to pay a *quantum meruit* for the building.

For these reasons, we think the court erred, in submitting the case to the jury; and a new trial is, accordingly, advised.

In this opinion the other judges concurred.

New trial to be granted.