WILLIAM H. ROSE & another *vs.* THOMAS O'RILEY.

In an action to recover for building a barn under a contract, an auditor, to whom the case was referred, found that the contract "was substantially performed, except the hanging of the large doors." *Held,* that the court could not say, on this finding, that, as matter of law, the contract was not substantially performed.

CONTRACT by William H. Rose and George H. Quimby, on an agreement by which the plaintiffs agreed to build a barn and finish a house for the defendant, furnishing all the materials ex-

cept sand for plastering and certain other specified articles, and the defendant agreed to pay the plaintiff and to furnish said sand and other articles.

At March term 1872 of the Superior Court, the case was submitted, by agreement of parties, to the jury, only upon the question whether the defendant broke the contract; the jury found that he did break the contract by not furnishing the sand for plastering; and upon that finding the judge sent the case to an auditor to determine what, if anything, was due to the plaintiffs.

The auditor found " that the plaintiffs very nearly completed the barn, and the house so far as a house is usually advanced before plastering ; and that although the work was not done in exact accordance with the provisions of the contract in every particular, yet the contract for the building of the barn was substantially performed by the plaintiffs, except the hanging of the large doors, and the contract to finish the house was also substantially performed by the plaintiffs up to the point of completion usually reached by carpenters and joiners before plastering."

At the trial, at September term 1872 of the Superior Court, before *Putnam*, J., the plaintiff put in evidence the auditor's report, but introduced no other evidence.

The defendant asked the judge to instruct the jury that the auditor having found, as a matter of fact, that the plaintiffs did not substantially complete the contract so far as they could, they could not recover ; and that if the jury found from the auditor's report, that the plaintiffs did not put up the large doors to the barn, the failure of the plaintiffs so to do could not be excused on the ground that the defendant did not furnish sand for plastering the house, and they could not recover, for it was a part of the contract which the plaintiffs could reasonably have performed independent of the plastering of the house. The judge refused so to instruct the jury, but instructed them " that the plaintiffs could not recover for a breach of the contract by the defendant, unless they had substantially complied with all which the contract called upon them to do on their part, except so far as they were prevented from fulfilling it through the fault of the defendant; that, it being conceded that they were only prevented from doing the

plastering by the defendant's fault, they must have substantially performed everything else up to the point usually reached by builders when the plastering commenced; that if the jury found that they did all except what the auditor found they had omitted to do, it was for them to say whether or not that was a substantial completion of the house and barn with the exception of the plastering ; and that if it was, they were entitled to recover of the defendant for the breach of the contract."

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*J. C. Sanborn*, for the defendant.

*E. J. Sherman & J. K. Tarbox*, for the plaintiffs.

AMES, J. The instructions requested by the defendant were properly refused. The court would not have been justified in interpreting the auditor's report as necessarily finding that the plaintiffs did not substantially complete their contract, as far as they could. On the contrary, he finds that they substantially completed the house according to the contract up to the point at which the misconduct of the defendant compelled them to stop, and that the contract for the building of the barn was also substantially performed, " except the hanging of the large doors." We cannot say, as a matter of law, that this was not a substantial compliance with all which the contract required them to do, except so far as they were prevented from fulfilling it by the defendant's own fault. The jury may have thought that the mere placing of the barn doors on their hinges was so slight and trivial a labor that its omission did not amount to a substantial failure on the plaintiffs' part to fulfil the contract.

*Exceptions overruled.*