JOHN PINCHES *vs.* THE SWEDISH EVANGELICAL LUTHERAN CHURCH.

Hartford Dist., March T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Courts of eminent authority in England and this country have held that no recovery can be had for labor or materials furnished under a special contract, unless the contract has been performed according to its terms, or its performance has been dispensed with by the other party.

The hardship of this rule upon the contractor who has undesignedly violated his contract, and the inequitable advantage it gives to the party who receives and retains the benefit of his labor and materials, has led to its qualification, and the weight of authority is now clearly in favor of allowing compensation for such services and materials, where the deviation from the contract was not wilful and the other party has availed himself of and been benefited by such labor and materials.

As a general rule the amount of such compensation is to depend upon the extent of the benefit conferred, having reference to the contract price for the entire work.

In cases where only some additions to the work are required to finish it

according to the contract, or where the defect may be remedied at a reasonable expense, it is proper to deduct from the contract price the sum which it would cost to complete it.

The plaintiff had contracted to erect a church for the defendants upon their land in accordance with certain plans and specifications. He completed the building, but it varied in several material particulars from the requirements of the contract. The defendants knew of these variations and objected to them, but went into the occupancy of the building. The plaintiff had acted in good faith and the building as completed was reasonably adapted to the wants of the defendants and its use was beneficial to them. It would have been impracticable to make the building conform to the contract without taking it partially down and rebuilding it. Held that the court below properly allowed the plaintiff the contract price, deducting therefrom the diminution in value of the building by reason of the deviations from the contract. ·

[Argued March 1st—decided April 13th, 1887.]

ACTION to recover for work done and materials furnished in erecting a church edifice for the defendants ; brought to the Superior Court in Hartford County, and tried to the court before *Torrance, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendants. The case is fully stated in the opinion.

*J. Walsh* for the appellants.

The court erred in excluding the evidence offered by the defendants to show the cost of making the changes and supplying the omissions, so that the building would conform to the contract, plans and specifications. The defendants, when they discovered the material changes and omissions, and before their occupancy of the building, called the plaintiff's attention to them, but he neglected to remedy them. There was no waiver under such circumstances, and the defendants have a right to insist upon the full and complete performance of the contract, or an allowance of a sufficient sum to enable the defendants to complete it. Mere occupation of a building in such a case is not a waiver of strict performance. *Smith* v. *Brady*, 17 N. York, 173 ; *Yeats* v. *Ballentine*, 56 Misso., 530 ; *Crane* v. *Knubel*, 43 How. Pr. R., 389 ; *Wildey* v. *School District*, 25 Mich., 419. Such a rule of damages has been recognized by this court and other courts in various cases, and is one

which commends itself as being only just where there has been no waiver of a contract. In *Blakeslee* v. *Holt*, 42 Conn., 226, an action on a building contract where there were defects and omissions, the court ruled that the contract price, less the sum it would cost to complete the work as agreed to be done, is the proper sum to be recovered. In the case of *Smith* v. *Brady*, *supra*, an action on a building contract, one of the architects who had examined the work described in his testimony a great number of defects and omissions. He was then asked what it would cost to make the buildings conform to the contract plans and specifications. That question was objected to and the objection sustained. The court ruled that it was error not to allow the witness to answer the question. It was a legitimate mode of ascertaining the damages to which the defendant was entitled by reason of the failure of the plaintiff to do what he agreed to do. He had agreed to construct the houses according to certain plans and specifications. The defendant had entitled himself to have such houses constructed, and was not bound to allow the plaintiff to substitute anything else in their place. Just so far as the houses built by the plaintiff differed from those he had agreed to build, just so far the defendant had a right to have them altered at the expense of the plaintiff. This was held to be the true rule of damages. To the same effect are the following additional authorities. 1 Stephen's N. P., 306; *Thornton* v. *Place*, 1 Mood. & Rob., 218; *Smith* v. *Scott's Ridge School District*, 20 Conn., 318; *School District* v. *Dauchy*, 25 id., 530; *Haysler* v. *Owen*, 61 Misso., 270; *Wildey School District*, 25 Mich., 419.

*F. L. Hungerford*, for the appellee, cited—2 Parsons on Cont., (6th ed.,) 523, and note *i;* Sedgw. on Damages, 215; *Cutter* v. *Powell*, 2 Smith's Lead. Cases, (H. & W. ed.,) 48, and cases cited; *Hayward* v. *Leonard*, 7 Pick., 181; *Smith* v. *Lowell Congregational Meeting House*, 8 id., 177; *Snow* v. *Inhab. of Ware*, 13 Met., 42; *Kelly* v. *Town of Bradford*, 33 Verm., 35; *Dermott* v. *Jones*, 23 How., 220;

*Smith* v. *Scott's Ridge School Dist.*, 20 Conn., 312; *Blakeslee* v. *Holt*, 42 id., 226.

BEARDSLEY, J. The plaintiff claims to recover upon the counts for work and materials furnished in the erection of a church edifice for the defendants. A written contract was entered into by the parties, providing that the plaintiff should erect the edifice upon the land of the defendants, in accordance with certain plans and specifications. The plaintiff completed the building on the 21st day of January, 1885, when the defendants entered into the full possession and occupancy of the same. The building varies from the requirements of the contract in several material particulars.

The ceiling is two feet lower, the windows are shorter and narrower, and the seats are narrower than the specifications require, and there are some other variations and omissions. The defect in the height of the ceiling is due to the combined error of the plaintiff and the defendant's architect.

The other changes and omissions occurred through the inadvertence of the plaintiff and his workmen. The defendants knew of the change in the height of the ceiling when they took possession of the building, and of the changes in the windows and seats shortly afterwards, and objected to the changes as soon as they discovered them.

The plaintiff, in doing the work and furnishing the materials, acted in good faith, and the building as completed is reasonably adapted to the wants and requirements of the defendants, and its use is beneficial to them.

It would be practically impossible to make the building conform to the contract without taking it partially down and rebuilding it. The defendants, upon the trial of the case, offered evidence to prove the amount it would cost to make the building conform to the contract, claiming that they were entitled to such sum as damages. The court excluded the evidence, and the only error assigned is the exclusion of that evidence. The defendants' claim rests upon the assumption that the liability of the plaintiff to damages is not affected by the fact that his deviation from

the contract was unintentional, nor by the advantageous use of the building, but that it is the same as it would have been if he had wilfully departed from the contract, and they had rejected the building and received no benefit from it.

The defendants' claim is undoubtedly supported by decisions of courts of eminent authority in England and this country, which hold that no recovery can be had for labor or materials furnished under special contract, unless the contract has been performed, or its performance has been dispensed with by the other party.

The hardship of this rule upon the contractor who has undesignedly violated his contract, and the inequitable advantage it gives to the party who receives and retains the benefit of his labor and materials, has led to its qualification; and the weight of authority is now clearly in favor of allowing compensation for services rendered and materials furnished under a special contract, but not in entire conformity with it, provided that the deviation from the contract was not wilful, and the other party has availed himself of, and been benefited by, such labor and materials; and as a general rule the amount of such compensation is to depend upon the extent of the benefit conferred, having reference to the contract price for the entire work. *Hayward* v. *Leonard*, 7 Pick., 181; *Smith* v. *First Cong. Meeting House*, 8 Pick., 178; *Moulton* v. *McOwen*, 103 Mass., 591; *Kelly* v. *Town of Bradford*, 33 Verm., 35; *Corwin* v. *Wallace*, 17 Iowa, 374; *White* v. *Oliver*, 36 Maine, 92; *Dermott* v. *Jones*, 23 Howard, 220; *Smith* v. *School District*, 20 Conn., 312; *Blakeslee* v. *Holt*, 42 Conn., 226; *Lucas* v. *Gadwin*, 3 Bingham N. C., 737; Chitty on Contracts, 569; 2 Greenl. Ev., § 104; 2 Parsons on Contracts, 523, and note *i*.

In cases where only some additions to the work are required to finish it according to the contract, or where, as in the case of *Blakeslee* v. *Holt*, the defects in it may be remedied at a reasonable expense, it seems proper to deduct from the contract price the sum which it would cost to complete it, as was done in that case.

In the present case the result of the plaintiff's labor and materials is a structure adapted to the purpose for which it was built, and of which the defendants are in the use and enjoyment, but which cannot be made to conform to the special contract, except by an expenditure which would probably deprive the plaintiff of any compensation for his labor.

We think that the court below properly deducted from the contract price the amount of the diminution in the value of the building by reason of the plaintiff's deviation from the contract.

There is no error.

In this opinion PARK, C. J., and CARPENTER, J., concurred; PARDEE and LOOMIS, Js., dissented.