ROBERT A. PRATT *vs.* ROBERT P. DUNLAP.

Third Judicial District, Bridgeport, October Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

In an action upon a special contract there can be no recovery unless full performance is proved.

Trivial and inconsequential deviations from the contract, if not wilful, will not prevent a recovery; such performance is full performance.

In such an action upon a building contract, the plaintiff made no claim that he was within the exception to the above rule permitting a recovery where there have been deviations from the contract; but the defendant requested an instruction based upon the exception, and it appeared from the amount of the verdict that the jury found that the contract had been fully performed. *Held* that an instruction given by the court, based upon the exception but varying from the defendant's request, was harmless and did not entitle him to a new trial.

It lies within the trial court's discretion to determine what particular items of the testimony it will call to the jury's attention in the charge.

A payment made upon a contract may or may not affect the contractual relations of the parties, according to the circumstances; and therefore it is not error to refuse a request to instruct the jury that

such a payment did not affect these relations, where the circumstances attending the payment did not appear.

One may recover only such damages resulting from the breach of the contract as by the exercise of reasonable means and care after knowledge of the threatened damage, he could not have prevented.

Expert opinion as to the meaning of non-technical words in a contract is inadmissible.

Argued October 26th, 1911—decided February 9th, 1912.

ACTION to recover a balance alleged to be due on a building contract, and also the reasonable value of certain extras, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff for $153, and appeal by the defendant. *No error.*

The complaint was in two counts. The first alleges that the parties executed a written contract, which is made part of the complaint, and reads as follows: "New Haven, Conn. July 1, 1909. It is understood and agreed between R. P. Dunlap and R. A. Pratt that R. A. Pratt is to furnish work on roof, set cornice, shingle side of 2nd story and gables, lay first and second floors and finish attic floor, hang doors and windows, build verandas which will be two set partitions in second floor, case second floor after plastering, R. P. Dunlap to furnish all material, for which said Dunlap agrees to pay the sum of one hundred sixty dollars ($160.00). R. A. Pratt agrees to case front and back doors on first floor, and to put in and hang windows and put in sills;" and that the plaintiff had duly performed his part thereof, and that the defendant has not paid. The second was upon the common counts, with a bill of particulars showing charges for work and materials amounting to $58.16, with a credit of $50, leaving a balance of $8.16 due thereon. No questions are raised under the second count. The answer admitted the execution of the contract, and that payment had been demanded and refused, except that $50 had been paid

on the contract, and denied that the plaintiff had performed his part of the contract. A second defense sets up the particulars in which the plaintiff had failed to perform the contract, and by way of counterclaim asked damages for the plaintiff's failure to perform.

The finding shows that the plaintiff offered evidence to prove, and claimed to have proved, that he had fully performed all that he was called upon to perform under the contract, except placing some sills, which could not be put in because the defendant had caused their place to be supplied by a finish in cement. The defendant offered evidence to prove, and claimed to have proved, that the plaintiff wilfully abandoned the contract before it was fully performed, leaving one veranda unbuilt and the shingles not properly brought down upon the sides of the cottage, and other parts wholly or partly unperformed, and that the defendant had been damaged by rain entering the building by reason of the defective shingling.

The alleged errors relate to the court's refusal to charge as requested, to the charge as given, and to rulings upon evidence. The rulings excepted to sufficiently appear in the opinion.

*Howard C. Webb,* for the appellant (defendant).

*Robert J. Woodruff,* for the appellee (plaintiff).

THAYER, J. From the pleadings and the finding it appears that the main issue between the parties upon the first count was whether the plaintiff had fully performed his contract; if he had, he was entitled to recover as for full performance; if he had not, there was a question as to the defendant's having been damaged by reason of the nonperformance. The court told the jury that to entitle him to recover the plaintiff must

under this count prove that he had performed the contract according to its terms. The amount of the verdict shows that the jury must have found that the plaintiff had fully performed his part of the contract, for it exceeds the amount due for a full performance of the contract, less the agreed payment thereon, together with the amount claimed under the second count.

There was no claim on the part of the plaintiff that he was within the exception to the general rule that there can be no recovery for services rendered under a special contract unless the contract had been fully performed. His was a building contract, and one to which the exception applies. But he made no claim under it that, if the services rendered were not in full conformity to the contract, he might nevertheless recover for them upon the ground that they were beneficial to the defendant, that he had availed himself of them, and that the deviation from the contract was not wilful. The defendant claimed and asked the court to charge, that as this count was upon a special contract there could be no recovery unless full performance of the contract was proved. The court correctly so charged. But the defendant also made several requests to charge based upon the exception above mentioned, and the court, in response to these requests but not in their exact language, instructed the jury as to the circumstances under which there may be a recovery, when the services rendered under such a contract are not in entire conformity to it, and the rule of damages in such cases. Several of the defendant's exceptions relate to these instructions and refusals to instruct.

It is claimed that while the instructions complained of are in the language used by this court in *Pinches* v. *Swedish Lutheran Church*, 55 Conn. 183, 10 Atl. 264, they were too broad and not adapted to the facts in the present case. It is unnecessary to inquire whether

the instructions as given, or the requests which called them forth, were correct, because they cannot have been harmful to the defendant. Under the instructions as given, had the jury found that the services rendered were not in entire conformity to the contract, their verdict must have been for a less sum than that which was returned, which, as already stated, was for the full contract price, less an admitted payment, showing that they must have found that the contract was fully performed. Whether the requests, or the instructions, relating to a case of incomplete performance, were correct or not, becomes unimportant.

Having told the jury that to recover the plaintiff must prove that he had performed the contract according to its terms, the court later told them that if the plaintiff has shown that he had substantially performed it according to its terms he would be entitled to recover. Attention is called to this latter instruction by an exception which has not been pursued. We see no conflict between the two instructions. Each calls for the performance of the contract to warrant a recovery. Deviations from the contract which are, under the circumstances, slight, trivial, inconsequential, and inconsiderable, if not wilful, will not prevent a recovery under the contract. The law does not regard trifles. Such performance is full performance.

The defendant was not entitled to the requested instruction, that if the plaintiff failed to complete his contract because he would lose money by so doing the jury might consider that fact in determining whether or not he wilfully abandoned the contract. There is nothing in the record indicating that there was any evidence tending to show that the plaintiff had failed to complete his contract because he would lose money by so doing. But had there been such testimony, the defendant was not entitled to have it separated from

the other testimony and called to the attention of the jury by the court. It lay within the court's discretion to call their attention to any particular item of the testimony.

Nothing appears in the finding concerning the payment of $50 upon the contract. It appears in the charge that such payment was admitted. The court told the jury that such payment did not necessarily imply an admission on the part of the defendant that the plaintiff had fully performed the contract, but that the payment might be considered by them in view of the circumstances under which it was made. The defendant had asked for a positive instruction that the payment did not change the contractual relations of the parties. Such a payment would not necessarily change their contractual relations. But the circumstances under which the payment was made might be such as to affect those relations. In the absence of any finding as to the time, purpose, and circumstances of the payment, we cannot say that the defendant was entitled to the instruction requested. The instruction given was, as far as appears, correct.

The defendant, under his counterclaim, claimed that, because the plaintiff neglected to bring the shingles on the sides of the house down upon the stonework, as he was bound to do under the contract, water was driven into the house in times of storm and caused damage to the plastered walls. The jury were told that if they found the facts to be as thus claimed, the defendant was entitled to recover such damages as he had shown by the evidence he had thereby suffered; but that he would not be entitled to recover for any damage thus caused which by the use of reasonable diligence and means he might have prevented. The defendant objects to the last part of this instruction. The defendant was only entitled to recover such damages resulting

from the breach of the contract as by the exercise of reasonable means and care he could not have prevented. After he had knowledge of the defective construction and its consequences, he was bound to use reasonable effort and care to prevent resulting damage, and if by such care and effort he could have prevented future damage, he is not permitted to recover for such future damage. *Hitchcock* v. *Hunt*, 28 Conn. 343, 349; 3 Page on Contracts, § 1583; 2 Joyce on Damages, § 1288. The charge as given was correct.

The plaintiff's contract was to furnish the work for the completion of a building already partially constructed. There were no specifications, but the parties, before signing the contract, had visited the building and settled upon what was to be done to complete it, for which the defendant was to furnish the material. The contract states expressly that the plaintiff is to "build verandas which will be two." The plaintiff having offered evidence that he had built and completed the verandas, the defendant offered three witnesses, described as boss carpenters, and asked each of them his opinion as to the meaning of the language "to build two verandas." They were also asked, "What is necessary to be done in building a veranda?" These questions, upon objection, were excluded. There would seem to be no technical meaning to the words "build two verandas" calling for expert opinion. The finding shows that the plaintiff offered evidence to prove that he had built and completed the verandas. Whether he had done so or not was a question in issue before the court. What is necessary to be done in building a veranda must depend upon the nature of the structure of which it is to be a part. A cheap summer cottage would require different verandas than a more pretentious structure would, and call for different finish and decoration of the verandas. Whether verandas

adapted to the defendant's building had been built and completed was a question upon which competent carpenters, after inspecting the premises, or otherwise learning what had been done, could give an opinion which might aid the jury. But their opinion as to what was required to be done, based merely upon the language of the contract, which contained no specifications and did not describe the cottage to which the verandas were attached, was incompetent. The evidence was properly excluded.

There is no error.

In this opinion HALL, C. J., PRENTICE and RORABACK, Js., concurred.

WHEELER, J. (dissenting). The court charged the jury: "If, on the other hand, the plaintiff has shown that he has substantially performed the contract according to its terms, he would be entitled to recover the balance which you may find to be due on the contract price and which, it is agreed in such event, would be one hundred and ten dollars. And he would also be entitled to recover the reasonable value of the extras which he has shown he performed. If, again, you should find that the services rendered by the plaintiff, under the contract, were not in entire conformity with it, but that the deviations therefrom were not wilful and were not substantial and that the defendant has availed himself of and has been benefited by such labor, the plaintiff, in such event, would be entitled to receive compensation therefor, the amount of such compensation depending, as I have already said, upon the extent of the benefit conferred, having reference to the contract price for the entire work. And if only some additions to the work are required to finish it, according to the contract, or if the defects, if you should find there were any, may be remedied at a reasonable expense, you should

deduct from the contract price the sum which it would
cost to complete it.   If you should find a verdict for
the plaintiff, you will add to the sum to which you think
he is entitled, interest at the rate of six per cent. per
annum, from the date of this suit, which is August 15th,
1910, that being the date of demand, so far as the evi-
dence discloses, to the present time."

The first count being based upon the special contract,
and being the only count relating to the matters covered
by the contract, the plaintiff was bound to prove per-
formance according to its terms, for such performance
was a condition precedent to his recovery.   The court,
in stating the issues to the jury, so told them.   This was
correct.

Of course, slight, trivial, inconsequential, or incon-
siderable deviations from literal performance of a
building contract, if not wilful, will not prevent a re-
covery under the contract, since such a performance
is complete performance.   The measure of recovery in
an action on such a contract is the face of the contract,
less the amount required to compensate for the incon-
sequential deviations.

The. charge above quoted permitted a recovery if
the jury found facts bringing this case within the excep-
tion stated in *Pinches* v. *Swedish Lutheran Church,* 55
Conn. 183, 10 Atl. 264.

While a contractor who has rendered service and
furnished materials under a special contract, but not
in entire conformity to it, may recover provided that
the deviation from the contract was not wilful, and the
other party has availed himself of, and been benefited
by, such labor and materials under circumstances
sufficient to raise an implied promise to pay for them,
his action cannot be upon the special contract, but
upon a *quantum meruit.*   His complaint must be adapted
to his cause of action.

Under the first count of the complaint the plaintiff claimed to recover $160.   Under the second count, $58.16, less $50 paid, or $8.16.   So that the total recovery under the complaint was limited to $168.16, with interest, which the court limited from August 15th, 1910, in all, $175.14.   The recovery was for $153.95.

The opinion holds that even though the court's instruction upon the exception in *Pinches* v. *Swedish Lutheran Church*, 55 Conn. 183, 10 Atl. 264, was wrong, it was harmless because the recovery shows that the jury must have found full performance.   But a recovery twelve per cent. less than the possible recovery is not an inconsiderable deviation, and in no sense can be regarded as full performance, nor has such a deviation been considered substantial performance in those jurisdictions where the so-called doctrine of substantial performance prevails.

The recovery clearly indicates that the jury did not find full performance, but did find under the exception of *Pinches* v. *Swedish Lutheran Church*, 55 Conn. 183, 10 Atl. 264, which was an issue submitted to the jury outside the pleadings.   But it is said the charge of the court limited the recovery under the first count to $110, stating that $50 was admittedly paid on the contract, and that this sum, with the extras of the second count of $8.16, with interest on these sums from August 10th, 1910, to the date of judgment, May, 1911, was the basis of the recovery.   If this were so, the limit of the recovery was $122.92, and the judgment, $153.95, showing some erroneous processes of the jury and a result which should not be allowed to stand.

It seems incontrovertible that the jury found that full performance had not been made, as the twelve per cent. difference between the recovery asked and the verdict rendered shows, and they rendered a verdict on a *quantum meruit*, as the court told them they might,

although that issue, so far as the recovery on the contract under the first count was concerned, was not in the case.

I think there is error.