OLIVER G. LANSING *v.* A. H. DONDERO, DEFEND-
ANT, STELLA PECK, GARNISHEE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 31, 1913.                    DECIDED NOVEMBER 12, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

CONTRACTS—*substantial performance—right of recovery.*

When a structure has been completed in accordance with the
specifications save only as to slight or unimportant defects caused
by inadvertence or unintentional omissions and capable of being
remedied at a comparatively small, ascertainable cost, and the
building is not unfit for the use for which it was intended, the
builder has a right of action against the owner for the unpaid
balance of the contract price less the sum which it will cost to
remedy the minor defects.

MECHANICS' LIENS—*completion of building—abandonment.*

A building is to be deemed complete, within the meaning of the
statute relating to the liens of mechanics and materialmen, upon
abandonment by the contractor when the building is substantially
but not entirely completed and the owner takes no steps to com-
plete it.

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit upon three promissory notes
amounting in the aggregate to $1216.60. Judgment was for
plaintiff against the principal defendant for the amount claim-
ed and against the garnishee for $622.50. The defendant does
not appeal and the only question presented by the exceptions of
the garnishee is whether the judgment against her can stand.

The defendant entered into a written contract with the gar-
nishee whereby he agreed to build for her, on land conveyed to
her as a part of the same transaction, a dwelling-house in accord-
ance with certain specifications, to furnish all necessary mate-
rial and labor and to "suffer no liens of mechanics and material-
men to attach to said house or premises." The garnishee in
turn agreed to pay to defendant $877.50 for the land and

$2222.50 for the building, a total of $3100, in installments as follows: "forthwith the sum of $500, $2100 when house is complete, balance of $500 * * * within 30 days after acceptance of house." This was on February 21, 1912. On March 7, 1912, the erection of the building had so far progressed that the garnishee, with the defendant's acquiescence, entered into occupation of it. The defendant, however, continued thereafter the construction of the building, the last work being done prior to July 4, 1912. Both before and after the commencement of her occupancy the garnishee repeatedly complained to the defendant with reference to certain alleged imperfections in the building, four of which have not at any time been remedied. These are: the use in the flooring of some boards of "slash grain" in place of "straight grain" as required by the specifications; improper laying of the floors, resulting in their "giving" in places under a person's weight; the failure to "finish" and varnish certain walls; the failure to drive together some boards (tongue and groove) in a wall; the failure to properly fit two windows in their casings; and the substitution of an inferior door-lock for a "Yale" lock.

From time to time the garnishee paid to defendant the whole amount required of her by the contract excepting the sum of $622.50 which is still unpaid. This action, with its process of garnishment, was commenced on August 10, 1912, on August 24 Allen & Robinson, Limited, claiming $1111.47 for materials furnished by the corporation to the defendant and used in the building, filed a notice of lien on the building and land and two days later an action to enforce the lien was instituted.

On behalf of the garnishee two grounds are urged for setting aside the judgment, first, that the building has not been accepted and that in consequence she is not indebted to the defendant and, second, that the defendant did suffer a lien, that in favor of Allen & Robinson, Limited, to attach to the property and that for this reason she is not indebted to the defendant and

may, further, under R. L. §2178, retain the amount if it is due to the defendant in order to apply it in satisfaction of Allen & Robinson's claim.    The findings of the trial judge upon these points were as follows:    The court "holds the garnishee liable to respond to the plaintiff in the amount due under the contract between Mr. Dondero and herself which after deducting all payments made amounts to $622.50 less certain items which the court finds were not waived by the garnishee at the time of taking over of the building; in other words, that there has been an acceptance of the building conditional upon certain items being made good owing to defective workmanship, the value of which I place at $100.    The court also finds that the building was complete on the last day on which the work was performed by the servants and employees of Dondero in the construction of the building in question.    The court further finds that the lien which has been referred to by the attorneys for the corporation of Allen & Robinson, who responded to the order of the court to show cause, was not filed in the statutory time and therefore does not constitute a lien upon the structure."    The findings that certain defects of construction have not been waived by the owner and that the cost of remedying them would be $100 are amply supported by the evidence and it may be assumed that the language of the decision is capable of being construed as a finding that there has not been an acceptance of the building, a finding apparently required by undisputed evidence. Upon the question of law as to whether in cases of building contracts such as this the builder can recover compensation if his performance has not been complete in every detail, the authorities are in conflict.    The more reasonable rule, that which is more in accord with justice and which, perhaps, is supported by the weight of authority, seems to us to be that where, as in the case at bar, the structure has been completed in accordance with the specifications excepting only as to slight or unimportant defects which have crept in undesignedly and are capable of being remedied at a comparatively small, ascertainable cost, and

the building is not unfit for the use for which it was intended, the builder has a right of action against the owner for the unpaid balance of the contract price less the sum which it will cost to remedy the minor defects.    In other words, substantial per-formance of the entire contract is sufficient.    In *Pinches* v. *Swedish Lutheran Church,* 55 Conn. 183, 187, referring to the contention that "no recovery can be had for labor or material furnished under special contract, unless the contract has been performed, or its performance has been dispensed with by the other party" the court said:    "The hardship of this rule upon the contractor who has undesignedly violated his contract, and the inequitable advantage it gives to the party who receives and retains the benefit of his labor and materials, has led to its qualification; and the weight of authority is now clearly in favor of allowing compensation for services rendered and materials furnished under a special contract, but not in entire conformity with it, provided that the deviation from the contract was not wilful, and the other party has availed himself of, and been benefited by, such labor and materials; and as a general rule the amount of such compensation is to depend upon the extent of the benefit conferred, having reference to the contract price for the entire work."    To the same effect are:    *Liggett* v. *Smith,* 3 Watts (Pa.) 331; *Smith* v. *School District,* 20 Conn. 312, 318; *Jones* v. *Davenport,* 74 Conn. 418, 420; *Rose* v. *O'Riley,* 111 Mass. 57, 59; *Cullen* v. *Sears,* 112 Mass. 299, 308; *Beha* v. *Ottenberg,* 6 Mackey (D. C.) 348, 351; and *Shepard* v. *Mills,* 173 Ill. 223, 228.    The provision in the agree-ment that the final payments were to be made "when house is complete" and "after acceptance of house" does not render the principle inapplicable.    The reasons for the rule still apply. Whether the defects in a given case are substantial or unim-portant is a question of fact for the trial court.    *Pitcairn* v. *Philip Hiss Co.,* 113 Fed. 492, 496; *Jones* v. *Davenport, supra.* In the case at bar the court evidently found that they were un-important and that the contract was substantially performed

and it cannot be said as a matter of law that it erred in so doing.

Under our statute (R. L. §2174, as amended by Act. 97, L. 1909) a material-man's lien "shall continue for forty-five days, and no longer, after the completion of the construction * * * of the building" unless proceedings shall have been "commenced to collect the amount due thereon by enforcing the same." In *Lucas* v. *Hustace*, ante 119, 122, we remarked, obiter, that "perhaps it" (the building) "is to be deemed complete * * * upon abandonment by the contractor when the building is substantially but not entirely completed and the owner takes no steps to complete it." This is a correct statement of the law. "The owner's or contractor's abandonment of the work upon a building is to be deemed a completion of it for the purpose of the filing of mechanic's liens by subcontractors, material-men and laborers." 2 Jones, Liens, §1438. "It would be inequitable and unreasonable, and contrary to the spirit of the law, to hold that parties are absolutely barred of all rights to the lien law, where the work is permanently stopped or abandoned without fault of such parties. Such a construction would place material-men and laborers at the mercy of the dishonesty, fickleness, or misfortunes of the owner or contractor. I am of the opinion that, in case of the abandonment of the enterprise, the case would come fairly within the meaning of the term completion, so far as applicable to the rights of the parties not in fault, to file and assert their liens." *Catlin* v. *Douglass*, 33 Fed. 569, 570. "It appears that this building never was in fact completed, but it has been held by this court, and is certainly consistent with the spirit of the law, that, where the work is abandoned, parties entitled to a lien shall not be thereby deprived of their rights, nor prevented from enforcing them, but that when the work is abandoned the building shall be deemed completed, for the purpose of protecting their rights." *Chicago Lumber Co.* v. *Merrimack Bank*, 52 Kans. 410, 414. See also *Shaw* v. *Stewart*, 43 Kans. 572; and 27 Cyc. 139.

In holding that the lien of Allen & Robinson "was not filed in the statutory time" the trial court doubtless had in mind the undisputed evidence that the latest work on the building was done before July 4, 1912, more than 45 days prior to the date of the filing of the notice of lien, and found that there had been an abandonment of the work by the defendant. Upon the evidence the findings cannot be disturbed and the law was correctly applied. It is not claimed that the property is liable to any other existing lien.

The mere fact that the action to enforce the material-man's alleged lien is still pending and undisposed of cannot operate as a defense in favor of the garnishee in this case. Had the garnishee asked for a continuance to await the result of that case perhaps it should have been granted; but no such request was made and the issue as to the existence or validity of the lien must be determined upon the evidence now before the court.

Upon plaintiff's filing, as he has offered to do, a remittitur in favor of the garnishee as to the sum of $100 required to compensate her for the defects in the performance of defendant's contract, the exceptions will be overruled.

*W. B. Lymer (Thompson, Wilder, Watson & Lymer* on the brief) for plaintiff.

*B. L. Marx (Prosser, Anderson & Marx* on the brief) for garnishee.