JOSEPH ZAJONC *vs.* JAN SZRZEPOWSKI ET AL.

First Judicial District, Hartford, March Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The trial court's finding that the plaintiff had substantially per-
formed his contract to build a house for the defendant at an
agreed price of $10,500, which should be a duplicate of one
already constructed, was supported by evidence that the items
omitted were of minor importance and of a value of only $48.

The trial court, having found that certain extras furnished by the
plaintiff more than equalled the value of the omitted items and
having rendered judgment for the plaintiff to recover the balance
due upon the contract price, later corrected the finding by adding
that the value of the only extras for which the plaintiff intended
to make a charge was $27. *Held* that while the finding as
corrected was not entirely clear, it could be supported upon the
ground that the trial court was not bound to accept the valua-
tion placed by the defendants upon the omitted items; and that,
in any event, the discrepancy, which could not have exceeded
the sum of $21, was too trivial to warrant the granting of a new
trial.

Argued March 6th—decided May 4th, 1928.

ACTION to recover a balance alleged to be due the
plaintiff upon a contract for the construction of a
dwelling-house for the defendant, brought to the Supe-
rior Court in Middlesex County and tried to the court,
*Avery, J.;* judgment for the plaintiff, and appeal by
the defendants. *No error.*

*Leonard O. Ryan,* with whom was *Alfred LeWitt,*
for the appellants (defendants).

*Thomas C. Flood,* for the appellee (plaintiff).

BANKS, J. The plaintiff built a house for the de-
fendants for an agreed price of $10,500. There were
no plans or specifications, but it was agreed that the
house should be built substantially like a certain house

in New Britain. The defendants paid $9,500 upon the purchase price, and this action was brought to recover the balance of $1,000 and for extra labor and material claimed to have been furnished at the request of the defendants. The defense was that the plaintiff had failed in certain respects to duplicate the New Britain house. The court found a substantial performance of the plaintiff's contract, that the cost and value of the extra labor and material furnished more than equaled that of the items omitted, and rendered judgment for the plaintiff to recover the balance of the contract price only.

The facts found support the judgment, but defendants seek to have the finding corrected by striking out (1) the finding that the house was constructed substantially like the one in New Britain, and (2) that the cost of the extra work and material more than equaled that of the items omitted. There was evidence in support of both of these findings. The defendants claim that the finding that the house was built substantially the same as the one in New Britain is contradicted by the finding that certain items were omitted. The omitted items are matters of very minor importance, amounting in all, so far as the evidence discloses, to not more than $48. There has clearly been a substantial performance of the plaintiff's contract. *Pinches* v. *Swedish Lutheran Church*, 55 Conn. 183, 10 Atl. 264. The finding lists the items of construction which were in the New Britain house but were not in the house built by the plaintiff for the defendants, but does not place any valuation on them. This paragraph of the finding is not attacked in the motion to correct, but it is necessary to go to the evidence for the value of these items to determine whether there was evidence to support the finding that the value of the extra work and material exceeded that of the

omitted items. These omitted items are eight in number; as to only four of them is there evidence in the record of what it would have cost to install them. They are as follows: Connecting rain water leaders with sewer, $40; painting cellar doors, $2; one window cord and weight, $1; matched boards on roof $5; making a total of $48. The other four items are plumbing work. A plumber testified regarding this work and his bill for doing it, but the bill is not in the record nor any evidence as to its amount or as to the reasonable cost of doing the omitted work. As to the omitted items, therefore, the record shows no more than that there was evidence from which the court might have found that their value was not to exceed $48. The court found that the extra labor and material furnished by the plaintiff amounted to $722, but corrected this paragraph of the finding by adding a finding that the plaintiff did not intend to make any extra charge for this beyond the contract price except for some sash amounting to $27. The meaning of this correction when read in connection with the rest of the finding is not entirely clear. It is perhaps susceptible of meaning that, taking the job as it was actually done, with the omissions and the extra work, the plaintiff did not intend to charge anything beyond the contract price except for the item of $27. There was evidence which would support such a construction of the finding and so construed this portion of the finding would not conflict with the finding that the extra work exceeded in value the omitted items. If the finding as corrected means that the only extra work for which any charge was to be made amounted to only $27, this sum is $21 less than the valuation placed by defendants' evidence upon the omitted items. The court was not, however, bound to find the value of these omitted items in exact accord with the defendants' evidence, but upon that

evidence might have found that their actual value did not exceed that of the extra sash. Even if the finding were corrected, the correction could extend no further than to find that the omitted items exceeded the extra work in value by the amount of $21, and we would not feel justified in sending the case back for a new trial for so trifling a matter. *De minimis non curat lex.*

The defendants also asked to have added to the finding a paragraph of their draft-finding to the effect that the plaintiff agreed to enclose the porch with glass without extra charge, but failed to do so. The finding does state that plaintiff did not enclose the porch in glass, but the evidence does not sustain defendants' claim that plaintiff's contract included this work. His contract was to duplicate the New Britain house and one of the defendants testified that the porch on that house was not enclosed. The assignment of error based on the ruling on evidence is without merit.

There is no error.

In this opinion the other judges concurred.