JAMES G. HOTCHKISS' APPEAL FROM PROBATE.

The " original process " by which adverse proceedings before a court of probate
   are commenced, is the petition to the court and the citation issued by the court
   for the appearance of the respondent; and under the act of Congress which
   requires a revenue stamp to be affixed to every " writ or other original pro-
   cess by which a suit is commenced," such stamp may be affixed to either the
   petition or citation. ·
Where a stamp had been affixed to such a petition and none to the citation, and
   the respondent had appeared and answered to the petition, it was held that he
   had waived all objection to the citation, if any could have been taken.

APPEAL from a decree of the probate court of the district of New Haven, appointing a trustee on the estate of one Blake, an insolvent, taken by the appellant as administrator of Blake, who died after the decree of the probate court was passed.   The appellant assigned as a reason of appeal that the citation issued by the court of probate, upon the petition for the appointment of the trustee, was void by reason of the omission to affix a revenue stamp thereto.   It appeared that a proper revenue stamp was affixed to the petition by the attorney of the petitioner, by whom the petition was drawn,

and canceled by him, but that no stamp was affixed to the citation. The respondent had however appeared and answered to the petition without taking any objection to the citation. The case was heard in the superior court before *Pardee, J.*, who overruled the objection of the appellant and affirmed the decree of the court of probate.

The appellant thereupon filed a motion in error and brought the record before this court for revision.

*Doolittle* and *Watrous*, for the appellant.

*Beach*, for the appellees.

BUTLER, J. The constitutional question made and argued before us was not raised and decided in the court below, and is not presented upon the record; and as we are all of opinion that the questions which are presented were correctly decided, and the case properly disposed of, a consideration and determination of that grave question is not material. We refrain therefore from the discussion of it, until made necessary by a decision or express reservation of the superior court.

The motion shows that the original petition and order of the court of probate were offered and received in evidence without objection, and that the appellant thereupon claimed that the *citation* was void for want of a stamp, and *therefore* the orders and decrees of the court of probate were void; and this claim was overruled by the court.

The revenue act requires that a revenue fifty cent stamp shall be affixed upon the " writ or other original process, by which any suit is commenced in any court of record either of law or equity."

The proceedings in the probate court from which the appeal is taken were statutory and special. They are not known to the common law. Assuming it to be true that they constitute a " *suit* " within the meaning of the revenue act, they were not commenced by any common law writ. What then constitutes the " original process" by which the suit was commenced in court? The appellant says the citation, and

that only ; the appellee says the petition and citation as directed to be served upon the debtor to bring him into court ; and we think the appellee is right. Referring to the statute we find a clear analogy to our practice in commencing proceedings in equity as regulated by statute. To commence a suit in equity the petitioner draws up and signs his petition, and presents it to a magistrate, and he appends his summons or citation, and both are served as one upon the respondent. For this case the statute provides that the petitioner may present his petition to the court of probate, " upon which petition such court shall issue a citation to such debtor or debtors to appear before said court at such time as said court shall appoint within ten days, to show cause why the prayer of the petitioner should not be granted:" It seems very clear that this proceeding is substantially analogous to our statutory method of commencing proceedings in equity, and that in both cases the petition and citation are alike intended to be, and are, one *original process*, and that in both cases the service of the petition and citation on the respondent constitute the commencement of the suit.

Doubtless where there is a common law " writ " issued and served as such, the stamp must be upon the writ. But where there is none, and the suit is commenced as here, by " other original process," the stamp may be upon any part of it. And as the statute provides that the stamp may be affixed and canceled by the person for whose benefit the instrument, &c. is signed or *issued*, as well as by the person who signs or issues it, the stamp was properly canceled within the letter and spirit of the law.

But if all this were not true, still the claim of the appellant that the orders should be reversed because the citation was void, would be untenable. The original petition was stamped, and if the debtor had appeared in court and waived the issuing of a citation, or waived the service of it if issued, and answered to the petition, could he afterwards set up the want of a citation, or of service upon him, as error, and as error avoiding the whole subsequent proceedings ? Certainly not. Nor can he, after appearing and submitting to the jurisdiction

of the court, and pleading to the petition, take advantage of any defect, or set up invalidity in the citation. He waived the objection if it existed, by appearing and answering to the petition, and should be held to the waiver.

There is no error in the judgment of the superior court, and it must be affirmed.

In this opinion the other judges concurred.