JARVIS, Respondent, vs. NORTHWESTERN MUTUAL RELIEF ASSOCIATION, Appellant.

*March 14 — April 4, 1899.*

*Insurance: Permanent disability: Amendment of pleading: "Due proof" of claim: Additional causes of disability: Appeal: Findings.*

1. In an action on an insurance contract to recover for an incurable disability permanently incapacitating the assured to perform manual labor, where the complaint alleged paralysis as the cause of such disability, it was proper to permit an amendment alleging disease of the heart and nervous system as additional causes, although the claim filed with the insurer had stated the cause of the disability as paralysis only, and the contract barred all claims not filed within six months of the maturity of the contract.

2. "Due proof" of a claim, required by an insurance contract, means such a statement of facts, reasonably verified, as, if established in court, would *prima facie* require payment of the claim; and the statement of one adequate fact in the proofs will not exclude others omitted through mistake or ignorance.

3. Where the evidence is conflicting fair doubts are to be resolved in favor of the conclusions of the trial court, and its findings will not be disturbed unless against the clear preponderance of the evidence.

APPEAL from a judgment of the circuit court for Crawford county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Action on an insurance contract to recover a sum stipu-

lated to be paid to the assured in case of an incurable disability rendering him permanently incapacitated to perform any and all manual labor. Proof of the claim was required to be filed with the assurer sixty days before the maturity of the contract. The complaint stated all facts requisite to a recovery, alleging, as the cause of the disability, paralysis. The answer put in issue all allegations as to the incurability of plaintiff's disability. Near the close of the trial the court allowed the complaint to be amended by alleging disease of the heart and of the nervous system as causes of plaintiff's disability, in addition to paralysis. Defendant's counsel objected to the amendment on the ground that all claims under the insurance contract not filed in writing within six months after the maturity of the contract, except in case of maturity by limitation, were barred by its terms.

As the case was submitted for decision, the only disputed fact was as to whether plaintiff, at the time stated in the complaint and down to the time of the trial, was affected with an incurable malady rendering him totally incapable of performing manual labor. That question was found in plaintiff's favor, and that the disability was caused by paralysis and by disease of the heart and of the nervous system. The conclusion of law followed, that plaintiff was entitled to judgment, which was rendered accordingly, and from which this appeal was taken.

*Frank E. Parkinson,* for the appellant, contended, *inter alia,* that the plaintiff was bound to set out in his proofs of loss all his infirmities, paralysis and heart disease. *Lycoming Co. M. Ins. Co. v. Updegraff,* 40 Pa. St. 311; *Beatty v. Lycoming Co. M. Ins. Co.* 66 Pa. St. 9; *Blakeley v. Phœnix Ins. Co.* 20 Wis. 255; *Towne v. Springfield F. Ins. Co.* 145 Mass. 582; *O'Brien v. Commercial F. Ins. Co.* 63 N. Y. 108, 112; *Maher v. Hibernia Ins. Co.* 67 N. Y. 283, 288. He must set them all out and set them out truly. *Shallow v. Salem,* 136 Mass. 136. Where the proofs set out one matter which

is defensible and on which the company has relied and based its defense, the plaintiff is bound and cannot set up a new matter on the trial. Cooke, Life Ins. § 119; *Campbell v. Charter Oak F. & M. Ins. Co.* 10 Allen, 213; *Irving v. Excelsior F. Ins. Co.* 1 Bosw. 507; *Insurance Co. v. Newton,* 22 Wall. 32; *Cluff v. Mut. B. L. Ins. Co.* 99 Mass. 317; *Phillips v. N. Y. L. Ins. Co.* 9 N. Y. Supp. 836.

For the respondent there was a brief by *O. B. Thomas* and *W. S. Manning,* and oral argument by *Mr. Thomas.*

MARSHALL, J. Appellant's assignments of error requiring notice, though five in number and several of them subdivided, may be properly stated as two: (1) Did the court err in granting the amendment to the complaint, alleging other causes for plaintiff's disability than paralysis? and (2) Is the finding of fact, on the subject of permanent disability incapacitating plaintiff from performing any manual labor, contrary to the clear preponderance of the evidence?

The ground of objection to the amendment was that the articles of organization of the company barred all claims for benefits not filed in writing with the secretary of the company within six months after maturity of the certificate other than maturity by limitation. That was also a part of the rules and regulations attached to and made a part of the insurance contract. We fail to see how that affected the question of the propriety of the amendment alleging additional facts in support of a claim seasonably filed. The filing of the claim in writing was admitted. The foundation of the claim was total disability to perform manual labor. The amendment broadened out the alleged cause of the disability. That was all. It was not a new claim, but additional facts in support of the old claim. The material thing was total incapacity to perform manual labor because of an incurable disability. A mistake in the real cause of the disability was by no means fatal to the claim, there being nothing in the insurance contract indicat-

ing any such result. The idea of appellant's counsel seems to be that, if the conditions requisite to the maturity of the contract existed and *prima facie* proof of them was made assigning an adequate cause therefor, a mistake as to the cause was fatal to a recovery. Such a construction of the insurance contract would be exceedingly unreasonable,— would add, we may say, something not found in the language used in the contract by any rational construction of it, and would be contrary to all authority on the question. The contract required due proof of the claim. That gave the assurer, necessarily, authority to require reasonable proof of the existence of the conditions upon which the claim against the company under the contract was based. The term " due proof " did not require any particular form of proof which the assurer might arbitrarily demand, but such a statement of facts, reasonably verified, as, if established in court, would *prima facie* require payment of the claim. The statement of one adequate fact in the proofs did not exclude others omitted through mistake or ignorance. The same rule applies as in case of a life or fire policy. In the former, death is the essential thing. Assigning in good faith a wrong cause of death, in the proof of the maturity of the policy, is not binding on the beneficiary. So, under a fire policy, loss by fire is the main thing; but assigning in good faith a wrong cause for the fire in the proof does not preclude a recovery or militate against proof of other causes being produced on the trial under proper pleadings. It is uniformly held that " due proof " calls only for such as the law will pronounce reasonable and satisfactory. This is well illustrated in *Insurance Co. v. Rodel*, 95 U. S. 232, where the requirement in the life policy was that the beneficiary should furnish satisfactory evidence of death and of the justice of the claim of the assured, and excepted from the risk death of the assured by his own hand. The proof showed that the death of the assured occurred that way without suggesting that he was insane at the time. It

was insisted by the insurance company that there could be no recovery because the proof did not show the existence of facts rendering the company liable notwithstanding the assured died by his own hand. The court, by Mr. Justice BRADLEY, said in substance that proof of the death of the assured, called for by the insurance contract, did not require a statement of the cause of death, and that even the statement of a cause which *prima facie* exempted the company from liability was not fatal to an action on the policy; that where proof of death was made and it was not objected to by the company, the call for proofs under the contract was satisfied though they disclosed facts by which the insurer could avoid the policy by a defense to an action on it, and that the beneficiary could recover if the essential fact of death existed and came about by a cause rendering the company liable, though such cause was not fully stated in the proof; that though the proofs showed the existence of facts suggesting to the company the propriety of refusing payment and standing suit, that was no bar to the bringing of a suit, otherwise no suit could be brought until the parties had gone through an extrajudicial investigation resulting favorably to the assured. To the same effect is *Buffalo L. T. & S. D. Co. v. Knights Templar & M. M. A. Asso.* 126 N. Y. 450, where the language of the insurance contract called for satisfactory proofs of death, and it was held that a correct statement of the cause of death was not required; that the beneficiary performed his legal obligation when he furnished due proof of the fact of death. Further on the same subject is *Conn. Mut. L. Ins. Co. v. Schwenk,* 94 U. S. 593, where it was held that an incorrect statement of fact in proofs of loss made in good faith does not estop the beneficiary from proving the truth under proper pleadings, when a correct statement of the facts in the proofs of loss is not a condition precedent to a recovery on the policy. Doubt is expressed as to that even being sufficient to work a forfeiture. For fur-

ther discussion of the subject, see *Bachmeyer v. Mut. R. F. L. Asso.* 87 Wis. 325; *Parker v. Amazon Ins. Co.* 34 Wis. 363; Beach, Ins. §§ 1227, 1228; Joyce, Ins. § 3319, and cases cited.

It will be noted that in the insurance contract in this case there is no requirement except that due proof of the claim shall be filed, and no language forfeiting the right of recovery for failure to comply with the requirement as to such proof, and in fact no requirement on the subject of proof except that giving the company the right to demand reasonable proof of the maturity of the claim, which, of course, as before indicated, required plaintiff to conform to the reasonable rules of the company by stating in good faith the true situation. So far as the evidence goes in this case, all those requirements seem to have been complied with. It does not appear that plaintiff knew anything about the real cause of his disability at the time he made his proofs, other than that he was suffering from paralysis.

It follows that, on reason and authority, the trial court correctly ruled that the additional facts in respect to plaintiff's disability might be pleaded by way of amendment on the trial, subject to the right of defendant to call witnesses as to such facts and to a continuance for the purpose if necessary. It follows also that evidence in regard to the additional reasons for plaintiff's disability was properly received, and that the facts in that regard were properly considered in determining whether plaintiff was totally disabled from performing manual labor within the meaning of the contract of insurance at the time his claim against the defendant was filed and down to the time of the trial.

On the question of whether the finding of the trial judge, as to whether plaintiff was incurably disabled from performing manual labor as alleged, is contrary to the clear preponderance of the evidence, the conclusion must be in the negative. A careful consideration of the evidence satisfies us that it

fairly supports the finding. As has often been said, a trial judge has such superior advantages for elucidating the truth from evidence produced before him, over appellate courts that do not hear the witnesses testify, that the presumptions are in favor of his conclusions, and such presumptions must prevail unless the weight of evidence be manifestly the other way. In saying that it is not intended to carry with it any indication that evidence is not examined here with all the care requisite to an original decision, so far as the circumstances will reasonably permit that to be done; but such circumstances are so inferior to those enjoyed by the judge who sees the witnesses and hears them testify that fair doubts are resolved in favor of his conclusions as the method best calculated to effectuate justice with reasonable certainty.

*By the Court.*— The judgment of the circuit court is affirmed.