STEPHEN M. BURR *vs.* JOHN Q. ELLIS.

Third Judicial District, Bridgeport, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Merely paying the balance due on a building contract and taking possession of the house, does not necessarily constitute a waiver by the owner of the builder's obligations, nor relieve the latter from the proper performance of work for which he claims to recover as extras.

In the present case the parties agreed, during the progress of the work, that a canvas roofing should be placed upon the rear balcony of the defendant's house in lieu of the tin roof called for by the contract, and this was done, but in such an unskillful manner that in rainy weather it always leaked. The defendant was unaware of this defect until after he had made the final payment upon the contract and taken possession of the house. *Held* that upon the subordinate facts as found, there was no error in law in the trial court's conclusion that the defendant had not accepted his house in so far as this canvas roofing was concerned.

In an action in the City Court of Danbury, the plaintiff claimed damages of $60, and the defendant, under his counterclaim, claimed $250. The court found that $11.75 was due the plaintiff, and $50 was due the defendant under his counterclaim, and rendered judgment for the latter for $38.25 and costs. *Held* that the costs to be

allowed under § 83 of the charter of the city of Danbury (10 Special Laws, p. 1019), were the same as those taxable in the Court of Common Pleas in actions demanding more than $100 damages, the counterclaim being, in effect, an action brought by the defendant against the plaintiff.

Argued April 19th—decided June 1st, 1917.

ACTION to recover for work and labor and material furnished, brought to and tried by the City Court of Danbury, *Booth, J.;* facts found and judgment rendered for the defendant to recover $38 upon his counterclaim, and appeal by the plaintiff. *No error.*

*Aaron T. Bates,* for the appellant (plaintiff).

*Robert S. Alexander,* for the appellee (defendant).

RORABACK, J. The plaintiff brought his action alleging a full performance of his contract, and claimed a balance due of $37.96 for extra work and materials. The defendant in his answer denied full performance upon the part of the plaintiff, and also denied several of the claims for extra work and materials described in the plaintiff's complaint. It was also averred by the defendant in his answer, that the plaintiff had failed and neglected to perform several items of work called for in his agreement. In his counterclaim, filed with his answer, the defendant alleged that "during the progress of said work the plaintiff and defendant agreed that canvas roofing should be placed on the rear balcony roof. The plaintiff so negligently and unskillfully performed said work that said roof has always leaked." An answer to this paragraph of the counterclaim was filed by the plaintiff, which stated, among other things, that the plaintiff, on or before October 1st, 1911, duly completed his contract and delivered the house into the possession of the defendant, who accepted the same

and paid the plaintiff in full for the original contract. The allegations as to the improper performance of the work connected with the canvas roof were denied. A reply was filed by the defendant which denied the acceptance of the house by him. These allegations and denials put in issue all the facts necessary to raise the question of the acceptance of the house by the defendant. Upon this question the trial court found for the defendant.

The reasons of appeal impute error to the court below upon the question of acceptance, upon the ground that it was not put in issue in the pleadings, and further, that the finding showed that the defendant had accepted his house and paid the plaintiff for building the same, and had thereby waived any claim for damages which he set forth in his counterclaim. In this connection the record discloses that the court below found that when the defendant paid the balance of the contract price on August 5th, 1911, he was well aware of the omission of the plaintiff to perform his work, but nevertheless waived the same and accepted his house as then completed, except in so far as a canvas roof hereinafter described was concerned.

During the progress of the work the plaintiff and the defendant agreed that a canvas roofing should be placed on the rear balcony of the defendant's house in lieu of the tin roof specified in the contract. This canvas roofing was placed on the roof in such an improper and unskillful manner that it has leaked whenever rain has fallen. The defendant was not aware of the defects in this roof at the time of final payment on August 5th, 1911, not having learned of them until afterward, and he did not accept his house in so far as this canvas roof was concerned. After the defects in this roofing were discovered by the defendant, and before the payment of $150 on March 9th, 1912, for

extras, he made several requests to the plaintiff to remedy the same, but the plaintiff at all times neglected to do so.

The mere fact that the defendant took possession of his house does not necessarily amount to a waiver of the stipulations of the plaintiff's contract. 9 Corpus Juris, 761, and cases cited in note 6; 15 Ann. Cas. 970, and cases cited in notes 972, 973, 974. A payment made upon a contract may or may not affect the contractural relations of the parties, according to the circumstances of the case. *Pratt* v. *Dunlap*, 85 Conn. 180, 185, 82 Atl. 195; *Flannery* v. *Rohrmayer*, 46 Conn. 558, 559, 560. The contract in the present case provides that final payment is to be made when the work is completed to the satisfaction of the owner. Under the facts disclosed by the finding, the action of the defendant in taking possession of the house and in making the payment of $150 was not such an acceptance as to relieve the plaintiff from the performance of his work in a proper manner before he was entitled to the payment of the balance due to him for his extra work.

The trial court has found the issues for the defendant upon his counterclaim, and that there is $50 due thereon. The finding sets forth the subordinate facts upon which it bases this conclusion. An examination of the finding shows that this conclusion is not legally inconsistent with the subordinate facts found, and the decision of the court below is not controlled by any erroneous view of the law. Therefore we have reached the conclusion that there is no error upon this branch of the case.

The plaintiff in the present case alleges a cause of action wherein the matter in demand is less than $100. The counterclaim filed by the defendant alleges a cause of action wherein the matter in demand is over $100 and less than $500, that is, a claim for $250 dam-

ages. An Act creating the City Court of Danbury (10 Special Laws, p. 1019, § 83) provides: "Said City Court shall have civil jurisdiction in all cases in law and equity where the matter in demand does not exceed five hundred dollars,'. . . and shall have the same powers to proceed to try, decide, and enforce judgment and execution in all cases within its jurisdiction, as the Court of Common Pleas and said City Court shall have concurrent jurisdiction with, and all the powers now by law conferred upon justices of the peace. . . . The same fees and costs shall be taxed where the damages alleged, or the value of property or matter in controversy are one hundred dollars or less, as are taxed by justices of the peace, and where said damages or value amount to more than one hundred dollars, the same fees and costs shall be taxed in said City Court as are taxed and paid in the Court of Common Pleas. . . . In the trial of all cases before the City Court, wherein the matter in dispute exceeds one hundred dollars, the rules of practice in the Court of Common Pleas, so far as the same may be applicable, shall govern." The court below in the judgment rendered, allowed the defendant such costs "as are taxed and paid in the Court of Common Pleas." In this the plaintiff contends there was error.

The plaintiff claims that this case, when it was tried, was within the justice of the peace jurisdiction of the City Court, and that the trial court erred in holding that it was within the Common Pleas jurisdiction of this court, and in taxing such costs as are taxed and allowed as costs in the Court of Common Pleas. The plaintiff's contention, as we understand it, is that the City Court of Danbury has two jurisdictions: a justice and a Common Pleas jurisdiction, and that the defendant, by his counterclaim, in effect, accomplished the removal from one jurisdiction to another in the

same manner as he might have removed the case to the Court of Common Pleas. In other words, he conceives the City Court of Danbury as two courts and not one. We are not prepared to accept such a proposition. If we assume, however, that the plaintiff is right as to the dual form of the City Court of Danbury, we cannot acquiesce in his conclusion as to costs. This counterclaim is in substance an action wherein affirmative relief is sought by the defendant against the plaintiff. In effect it was an action brought by the defendant against the plaintiff. In this connection our statutes, permitting the interposition of counterclaims, should be construed in connection with the statutes limiting the amount over which our different courts have jurisdiction. This limitation of jurisdiction necessarily applies to both of the parties to a case. In the present case, the cause of action and the parties were clearly within the jurisdiction of the City Court of Danbury. The plaintiff appeared and joined issue with the allegations of the defendant's counterclaim and the trial was had thereon upon the merits of this branch of the case. Any objection that might have been taken to the process or to its service was waived. *Hotchkiss' Appeal*, 32 Conn. 353, 355. It follows, therefore, that there was no error in taxing the same costs as are allowed in the Court of Common Pleas.

There is no error.

In this opinion the other judges concurred.