## CRAWFORD CLOTHES, INC. *v.* 65 BANK STREET REALTY COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 5—decided March 5, 1943.

*Theodore E. Steiber*, with whom, on the brief, were *Hyman Fried* and *A. I. Goldstein* of the New York bar, for the appellant (plaintiff).

*Lawrence L. Lewis*, for the appellee (defendant).

BROWN, J. The plaintiff alleged in its substituted complaint, referred to herein as the complaint, that on February 14, 1940, the defendant was the owner of land with buildings thereon located in Waterbury and known as 65 Bank Street, a portion of which it agreed by the lease Exhibit A, made a part of the complaint, to lease to the plaintiff for ten years at a stated rental, possession to be given about April 1, 1940. The pertinent provision of the lease reads: "The Landlord agrees that it will forthwith upon the execution of this lease prepare a set of plans and specifications. . . . Said plans and specifications must be approved by the Tenant and the Mortgagee, and it is intended by both Landlord and the Tenant. that said plans and specifications are to be incorporated into this lease and made a part hereof. This lease shall not be binding upon either the Landlord or the Tenant if the plans and specifications are not signed by both Landlord and Tenant and Mortgagee, this lease shall not be considered executed until said plans are so signed." The complaint went on to allege that though the lease bound the defendant to submit plans and specifications to the plaintiff forthwith, it submitted plans only, which the parties agreed substantially carried out their agreement. It then set forth a further arrangement, treated by both parties in presenting the

case as having been oral, as to plans and specifications and the acts of the parties relative thereto, which we recite below. It further alleges that the mortgagee was ready and willing to approve these plans and specifications. The plaintiff asked a decree of specific performance, a temporary injunction against the alienation of any interest in the premises by the defendant, and damages. The defendant filed a demurrer to the complaint, which the trial court sustained upon the fundamental ground that, since the plaintiff had failed to allege that the plans and specifications were signed by the landlord, tenant and mortgagee as required by Exhibit A, the complaint did not set up a good cause of action. This appeal is from the judgment for the defendant rendered upon the failure of the plaintiff to plead over.

Upon oral argument counsel for the plaintiff conceded that the complaint sets forth no cause of action unless the requirement as to the signing quoted from the lease is effectively obviated by the alleged subsequent parol agreement of the parties. The plaintiff does not question that the provisions of the lease are such as would bring it within the Statute of Frauds, but contends that under a recognized exception in the law the later oral contract is enforceable, and that this is sufficient to save its complaint. The exception has a limited applicability: "It seems clear on principle that no right of action can lie for breach of the second agreement unless the second agreement is a complete contract itself and not within the Statute." 2 Williston, Contracts (Rev. Ed.), p. 1705, § 593. The question then is whether the pertinent allegations of the complaint allege an oral contract effective under this exception to dispense with the express requirement of the lease that the plans and specifications be signed.

The plaintiff, as we understand it, relies on allegations that, after the defendant had submitted plans which the parties agreed substantially carried out the contract, they "agreed further that the specifications and new plans . . . be prepared by the Plaintiff"; that these "accordingly were prepared . . . by the Plaintiff and upon completion were approved verbally" by the parties, "both being ready to sign" them "upon presentation"; that "the Defendant agreed to go ahead with the improvements as soon as" the contract could be let; and that shortly before April 1, 1940, the defendant "notified the Plaintiff that it would not carry out its agreement"; and the plaintiff claims that these allegations set forth a valid contract for the requisite signing of plans and specifications and full performance by the plaintiff thereunder except as excused by the defendant's anticipatory breach, within the exception. The allegations relied upon do not present a situation which entitles the plaintiff to relief under the exception, for the claimed oral agreement is not "a complete contract itself." Resort to the provisions of the lease is essential to ascertain what the consideration for the agreement was, as well as to determine the obligations of the parties under it.

Another claim of the plaintiff appears to be that the complaint alleges such performance of the changes in the lease as would take the modification out of the statute. 2 Williston, op. cit., § 593. The contention is that the allegations show that the original contract was that the defendant was to prepare plans and specifications to be signed by it, the plaintiff and the mortgagee as a condition precedent to the lease becoming operative, and that the new agreement provided that the plaintiff would prepare the plans; that this was done, they were orally approved by the defendant,

and the mortgagee was ready to approve them; and that the defendant then agreed to go ahead with the improvements as soon as estimates could be obtained and a contract let. The specific claim of the plaintiff is that this preparation of the plans and specifications by it was sufficient performance to take the contract out of the statute. Upon analysis it is evident that the complaint alleges two separate modifications of the lease at different times: first, that the plaintiff and not the defendant should prepare the final plans and specifications; and, second, assuming that the defendant's agreement to proceed with the improvements as alleged can be construed as dispensing with the signing required by the lease, that after they were prepared and had been approved by the defendant the latter would proceed with the contract without the necessity of such signing. The complaint alleges sufficient performance by the plaintiff of the first to take it out of the statute under the above rule as stated by Williston, but this is of no avail to the plaintiff, because it does not in itself affect the essential terms of the contract requiring that the plans and specifications be signed before it will become effective. No performance by the plaintiff is alleged which would take the second and essential alteration out of the statute.

The plaintiff further claims that there was a waiver of the condition as to signing. Waiver was not expressly alleged. As a defense it must, under our law, be specially pleaded. *Goldner* v. *Polak*, 108 Conn. 534, 537, 143 Atl. 882. Assuming, as this court's decision in *Lee* v. *Casualty Co.*, 90 Conn. 202, 206, 96 Atl. 952 indicates, that it is sufficient for a plaintiff in such a situation as this to plead the facts on which a waiver could be based, without expressly alleging waiver, this complaint fails to set forth the necessary facts. The provision in the lease that the plans and

specifications should be signed not only by the landlord and tenant but also by the mortgagee was evidently inserted for the protection of the last. The defendant could not waive the requirement as regards the interests of the mortgagee. *Allen* v. *Home National Bank,* 120 Conn. 306, 314, 180 Atl. 498; Restatement, 1 Contracts, § 142. The allegation in the complaint that the mortgagee was ready and willing to approve the plans and specifications falls far short of alleging a waiver by it. The action of the trial court in sustaining the demurrer to the complaint was correct.

There is no error.

In this opinion the other judges concurred.