HANNAH FIELDS *v.* METROPOLITAN LIFE INSURANCE COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 2—decided February 13, 1946.

*Frank E. Callahan,* with whom was *Mary G. Rogan,* for the appellant (defendant).

*John H. Sheehan,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff, wife of John Fields, deceased, brought suit against the defendant upon a policy of life insurance issued to him. She claimed to be entitled to the double indemnity provided in the policy in case of accidental death. Judgment was for the plaintiff, and the defendant has appealed on the grounds that due proof of accidental death was not furnished to it and that in any event the death was not accidental under the terms of the policy.

The defendant admits that it issued a policy of life insurance to John Fields and that he died while it was in full force and effect. The plaintiff admits that the face of the policy, $290, has been paid. The provision in the policy covering accidental death reads, in part, as follows: "Benefit in event of death by accidental means as defined herein. Upon receipt of due proof that the death of the Insured resulted, independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means, the Company will pay, as an additional death benefit, an amount equal to the amount payable under the Schedule. . . ."

The circumstances surrounding the death of the insured were not in dispute. He was admitted to the Connecticut State Hospital at Middletown on August 18, 1942. He was then fifty-three years of age and for at least a year had been suffering from cardio-vascular disease and cerebral arteriosclerosis. On September 3, 1942, the insured fell, striking his head on the cement walk. As a result of the fall, his face was badly swollen, he had a gash in his lip and over his eye and his jaw was broken. The injuries received were sufficient to cause a cerebral hemorrhage. He continued to complain of these injuries when he was transferred to another building on September 22, 1942, but all external evidence of them had disappeared.

He died September 27, 1942, of a cerebral hemorrhage. The medical certificate of death gave accident as one of the causative factors. The trial court found as a fact and concluded that the death of the insured resulted, independently of all other causes, from bodily injuries caused solely by external, violent and accidental means. The defendant attacks this finding and conclusion.

Two doctors called by the defendant testified that the insured died from natural causes which were unrelated to the accident. One of them was in charge of the insured at the hospital and the other was the medical examiner, called after the death. The plaintiff relied on a doctor who testified, in response to a hypothetical question, that the cause of the cerebral hemorrhage was the accident and that the physical infirmities of the insured in no way contributed thereto. The defendant recognizes the difficulty of upsetting a finding of the trial court based on conflicting expert opinion but claims that, read as a whole, the testimony of the doctor called by the plaintiff is not sufficient in law to support his diagnosis, citing *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 299, 114 Atl. 109. It is to be noted, however, that "A conclusion reached upon comparison and examination of conflicting professional opinion, by reliance upon one rather than another, can rarely be found erroneous in law in the absence of bad faith." *Kulak* v. *Landers, Frary & Clark*, 120 Conn. 606, 608, 181 Atl. 720. No bad faith is apparent in this record. On the contrary, all of the experts seemed to answer the questions put to them frankly, clearly and with no attempt at evasion on both direct and cross examination. Recovery in these cases is not barred merely because the insured is suffering from disease. *Rinaldi* v. *Prudential Ins. Co.*, 118 Conn. 419, 424, 172 Atl. 777. It cannot be said

that the trial court erred as a matter of law in accepting the opinion of the expert called by the plaintiff and basing its finding and conclusion thereon.

The trial court also found that "The plaintiff furnished to the defendant due proof that the death of the insured resulted, independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means." This finding was attacked by the defendant.

The evidence supporting the questioned finding is very brief. The plaintiff took the policy to the defendant, was paid its face value, surrendered the policy and was informed that if the decedent had died from accident she would have been given double the amount. Soon after she returned and asked for the double indemnity. She was informed that the matter was under investigation.

This evidence was insufficient to support this finding. The policy requires no particular form of proof and no time limit is set. "Due proof" is such proof as the law will pronounce reasonable and sufficient. *Jarvis* v. *Northwestern Mutual Relief Assn.*, 102 Wis. 546, 549, 78 N. W. 1089; *Belbas* v. *New York Life Ins. Co.*, 300 Mass. 471, 473, 15 N. E. (2d) 806; 3 Appleman, Ins. Law & Practice, § 1444. As indicated, the evidence does not show that any proof whatever was furnished. By the weight of authority, the furnishing of due proof under a provision of this kind is a condition precedent to liability. *Dikowski* v. *Metropolitan Life Ins. Co.*, 128 N. J. L. 124, 128, 24 Atl. (2d) 173; *O'Neil* v. *Metropolitan Life Ins. Co.*, 300 Mass. 477, 481, 15 N. E. (2d) 809; 3 Appleman, op. cit., § 1395; 7 Couch, Cyc. Ins. Law, § 1540. It follows that, without this finding, the trial court's judgment for the plaintiff was erroneous.

The plaintiff seeks to avoid this result on several

grounds. Her first claim, that this issue was not before the trial court, cannot be sustained in view of the pleadings. Her second, that the defendant waived the requirement, has more merit. It appears from examination of the record made in connection with the attack on the finding that the defendant made its own investigation and refused to pay the claim. 7 Couch, op. cit., p. 5558, note 43; id., p. 5568. Waiver must, however, be pleaded. *Popowicz* v. *Metropolitan Life Ins. Co.*, 114 Conn. 333, 335, 158 Atl. 885. There is no pleading of waiver but, since a new trial is ordered, there may be an opportunity to remedy this defect. The plaintiff also relied on estoppel, but there is nothing in the record to show that this claim was made in the trial court nor are facts found on which it could be based. The new trial may develop more evidence along this line. See *Cupo* v. *Royal Ins. Co.*, 101 Conn. 586, 593, 126 Atl. 844; *Goergen* v. *Manufacturers Casualty Ins. Co.*, 117 Conn. 89, 92, 166 Atl. 757; *Elberton Cotton Mills, Inc.* v. *Indemnity Ins. Co.*, 108 Conn. 707, 714, 145 Atl. 33. Lastly, since the policy set no time limit for making "due proof," that might still be attempted.

As has been stated, the issue of proof of loss was in the case but the record tends to support the plaintiff's claim that the main question was that raised by the claim of accidental death and that the former was not actively litigated. The plaintiff should have an opportunity to present such evidence as she has to support it.

There is error in the finding that due proof was furnished to the defendant, the judgment is set aside and the case is remanded for the retrial of that issue only.

In this opinion the other judges concurred.