HARRY LANDERMAN ET AL. *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 133729

Memorandum filed February 21, 1964

*Schatz, Weinstein & Seltzer,* of Hartford, for the plaintiffs.

*Gordon, Muir & Fitzgerald,* of Hartford, for the named defendant.

*RisCassi & Davis,* of Hartford, for defendant Anthony Gonsalves.

HOUSE, J. This is an action for a declaratory judgment to determine whether or not a products liability insurance policy issued by the defendant

company to the plaintiffs insured them for defense and possible ultimate liability arising from an alleged defective "product" sold by the insured plaintiffs during the term of the policy but which was used, and by an alleged defect allegedly caused an accident to the purchaser, subsequent to the expiration of the policy.

Most commendably, the parties have stipulated to the basic facts in the case, thereby presenting to the court no factual dispute but a precise question of policy interpretation and law. The essential facts may be briefly noted. The plaintiffs during the period from July 28, 1959, to July 28, 1960, were insured by the defendant company under a storekeeper's liability policy which included "Products Hazard" coverage. A purchaser named Gonsalves, a party to this action, on or about October 17, 1959, bought a ladder from the insured plaintiffs. This purchase was therefore made while the policy was in force. At the expiration of the policy period on July 28, 1960, the policy was not renewed. Thereafter, on December 29, 1961, Gonsalves claims that while using the ladder he was injured when it broke, and he fell, because of an alleged defect in the ladder. He thereafter brought suit against the plaintiffs, alleging the facts of his purchase, the alleged defect, his fall and injuries and a claim based upon breach of warranty. Upon receipt of his claim, the plaintiffs notified the defendant company, and when he subsequently started suit a copy of his writ, summons and complaint was forwarded by the plaintiffs to the defendant company. The defendant company thereafter notified the plaintiffs that it denied that the plaintiffs were insureds covered by the policy in question on the date of the alleged occurrence and refused to handle, investigate or adjust the claim or defend the suit instituted by Gonsalves.

In the present action, the plaintiffs seek a declaratory judgment declaring (a) that the subject insurance policy did protect the plaintiffs against claims for occurrences arising out of sales and warranties made during the term of the policy between July 28, 1959, and July 28, 1960, although the accident arose subsequent to the latter date; (b) that by the terms of the policy the defendant company agreed to defend any suit against the plaintiffs and to pay on their behalf all sums the plaintiffs would be obligated to pay as damages for bodily injury arising out of the use of a product sold with warranties during October, 1959, when the policy was in force; and (c) that the defendant company owes to the plaintiffs a defense of the suit instituted by Gonsalves and is obligated to pay any judgment which may be rendered therein against the plaintiffs, up to the limit of the policy.

It is not disputed that if the accident which allegedly happened on December 29, 1961, had occurred during the period from July 28, 1959, to July 28, 1960, it was such an occurrence as would have been covered by the provisions of the policy and the plaintiffs would have been protected by the defense and indemnity provisions of the policy. It is the position of the plaintiffs that since the sale and warranty of fitness of the ladder took place during that year they are entitled to the protection of the policy. It is the position of the defendant company that by its express provisions the policy excludes protection against accidents arising subsequent to the expiration date of the policy.

The first section of the policy is entitled "Insuring Agreements," and this section contains five separate divisions, designated by roman numerals. Section V, entitled "Policy Period, Territory," provides in its entirety: "This policy applies only to

accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada." The face sheet of the policy has a space entitled "Policy Period" in which was inserted "July 28, 1959—July 28, 1960"—the commencement and termination dates of the policy. By its express terms, therefore, the policy in question covered only accidents which arose during the one year for which the policy was issued, and, Gonsalves' accident having happened more than a year after the expiration date of the policy, it must be concluded that the plaintiffs were not insured under this policy against his claim.

When the terms of a contract taken as a whole are plain and unambiguous, the meaning of the contract is to be deduced from its language alone, and it is unnecessary for a court to resort to any aids to construction. *Lyon* v. *Aetna Casualty & Surety Co.*, 140 Conn. 304, 310. Accordingly, there is no need in this instance to construe the clear and explicit language nor to apply the rules for construction, most favorable to the insured, when there is an ambiguity. See *Scranton* v. *Hartford Fire Ins. Co.*, 141 Conn. 313, 315; *Smedley Co.* v. *Employers Mutual Liability Ins. Co.*, 143 Conn. 510, 513.

The case of *Home Mutual Fire Ins. Co.* v. *Hosfelt*, 11 Fire & Casualty Cas. 317 (CCH) (Civil No. 8402, D. Conn., April 30, 1962) (Blumenfeld, J.), is precisely in point and involved exactly the same language of "accidents which occur during the policy period." As Judge Blumenfeld noted: "On any non-technical reading of the language 'This policy applies only to accidents which occur during the policy period' the word 'accident' means 'accident.' An accident has been defined repeatedly as 'an unlooked-for mishap or an untoward event or

condition not expected.' St. John v. U. Piccolo Co., Inc., 128 Conn. 608, 611 (cases cited); Galluzzo v. The State, 111 Conn. 188, 193. That an accident may be definitely located as to time when and place where, makes its use most appropriate as the single test to determine whether liability under the policy arises within its specified period. To stretch the scope of 'accident' backward in time to reach the date of the earliest beginning of any prior event which might be regarded as having a causal relation to the unlooked-for mishap would introduce ambiguity where none now exists. . . . It might be more desirable for an insured to have protection which indemnifies him against all liability arising from causative forces which come into being while the policy is in force, regardless of when the event which initiates liability occurs, rather than insurance which protects him from liability which accrues only within the term of the policy. This purpose can easily be carried out by a proper wording of the policy; but the wording in the policy under consideration here does not permit such a construction. The injuries which gave rise to a claim for damages . . . were caused by an 'accident' which occurred after the policy had been terminated. The policy does not apply to that claim." To similar effect, see *Tulare County Power Co. v. Pacific Surety Co.*, 43 Cal. App. 315 (1919), and *Export Steamship Corporation v. American Ins. Co.*, 106 F.2d 9 (2d Cir. 1939), both cited in Judge Blumenfeld's opinion; see also note, "Occurrence of accident or injury as during, or before or after time period of coverage of liability policy," 57 A.L.R.2d 1385, 1387; *Troy v. London & Lancashire Indemnity Co.*, 129 N.Y.S.2d 84; *Protex-A-Kar Co. v. Hartford Accident & Indemnity Co.*, 102 Cal. App. 2d 408.

Note is made of the reference in plaintiffs' brief with regard to a possible waiver by the defendant

company predicated upon the time lapse between the plaintiffs' first notice to the company of Gonsalves' claim on April 11, 1962, and his institution of suit in August, during which time the company did not act on his claim or notify the plaintiffs of disaffirmance of responsibility. This claim is not raised by the pleadings and cannot be considered. *Crawford Clothes, Inc.* v. *65 Bank Street Realty Co.,* 129 Conn. 682, 686.

Accordingly, judgment may be entered declaring that the plaintiffs were not insured by the defendant company's policy No. SL63898 against the accident alleged by the defendant Gonsalves and the defendant company is accordingly not required under the terms of that policy to defend the plaintiffs against that suit nor to indemnify them against any sums they may become legally obligated to pay as damages in that action.