The plaintiffs filed a small claims action in which $500 damages were claimed. The case was transferred to the regular docket, at which *Page 539 
time the defendants filed a counterclaim seeking $3860 damages. After a trial to the court, judgment was rendered for the plaintiffs on both the complaint and the counterclaim. Costs of $125 were also allowed, consisting of $75 "for the trial of an issue of law or fact" and $50 "[f] or all proceedings before trial," in accordance with General Statutes 52-257 (a), as amended by Public Acts 1974, No. 74-183 which is applicable "where the ad damnum exceeds one thousand dollars."
The defendants, as the only ground for this appeal, claim that General Statutes 52-257 (b), which allows $15 "for the trial of an issue of fact or law" and $10 "[f] or all proceedings before trial" where "the matter in demand is in excess of one hundred dollars but not in excess of one thousand dollars," was applicable because the complaint demanded only $500 damages. That contention would require us to ignore the fact that the plaintiffs prevailed on the counterclaim which sought $3860 damages as well as on the complaint. It would also create an anomaly to limit the plaintiffs to a lesser trial or indemnity fee than the defendants would have been entitled to receive if they had prevailed.
The "counterclaim is in substance an action wherein affirmative relief is sought by the defendant against the plaintiff." Burr v. Ellis,91 Conn. 657, 662. It is clear that the trial of the issues on the counterclaim involved an action where the ad damnum was in excess of $1000, so that 52-257 (a) was the appropriate provision for taxation of costs. Ibid.
 There is no error.
SPEZIALE, D. SHEA, and SPONZO, Js., participated in this decision.