[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On December 5, 1991, the plaintiff, Madison Builders, Inc., filed a one count amended complaint against the defendant, Lumbermens Mutual Casualty Co. The amended complaint alleges that the defendant had a duty to defend the plaintiff against a negligence suit brought by Peerless Insurance Co. against the plaintiff. The underlying suit arose out of a fire, on March 21, 1989, which damaged buildings constructed by the plaintiff and was allegedly caused by work done by the plaintiff during 1983 and 1984. The defendant had issued a liability policy to the plaintiff which commenced on January 1, 1983, with premiums billed annually thereafter.
On May 23, 1994, the defendant moved for summary judgment on the ground that no genuine issue of material fact exists because the defendant did not insure the plaintiff at the time of the fire. The defendant also submitted a memorandum of law, as well as a copy of the insurance policy in question. On June 30, 1994, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment, and a copy of the complaint in the underlying lawsuit.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, ___ A.2d ___ (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217, ___ A.2d ___ (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Id.
The defendant argues that the policy issued to the plaintiff was in effect from January 1, 1983 to January 1, 1989, at which time the plaintiff did not renew the policy. Since the fire occurred on March 21, 1989, the defendant contends that there was no contract in force between the plaintiff and defendant, and therefore, the defendant had no duty to defend the plaintiff in a lawsuit arising out of the fire. The plaintiff maintains that the CT Page 9293 occurrence requiring coverage was the alleged negligent work for which the plaintiff was sued, which was done during the policy period, obligating the defendant to defend.
"The duty to defend means that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury `covered' by the policy; it is the claim which determines the insurer's duty to defend." (Internal quotation marks omitted.) Alderman v. Hanover Ins. Group, 169 Conn. 603,610, 363 A.2d 1102 (1975). "The duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured." Missionariesof the Co. of Mary, Inc. v. Aetna Casualty Surety Co.,155 Conn. 104, 110, 230 A.2d 21 (1967). "`An insurer may not refuse the tendered defense of an action unless a comparison of the policy with the underlying complaint shows on its face that there is no potential for coverage. . . . In making the comparison any ambiguous or equivocal expressions in the policy will be strictly construed against the insurer.'" Clinton v. Aetna Life SuretyCo., 41 Conn. Sup. 560, 563, 594 A.2d 1046 (1991, Satter, J.). Nevertheless, "`[i]t is axiomatic that no insurer is bound to provide indemnification or defense beyond the scope of coverage described in the insurance contract, the policy.'" St. Paul Fire Marine Ins. Co. v. Shernow, 22 Conn. App. 377, 381,577 A.2d 1093 (1990).
The defendant states in its memorandum of law that the policy ended on January 1, 1989. The evidence submitted by the defendant, however, fails to show the final date of the policy period. There is, therefore, a question of material fact regarding the period of coverage. Nevertheless, since the plaintiff has not addressed this issue, the defendant's motion will be considered on the ground raised.
The Connecticut Supreme Court has stated that "construction of a contract of insurance presents a question of law for the court . . . ." Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51,58, 588 A.2d 138 (1991). "`An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy.'" Stephan v. Pennsylvania General Ins.Co., 224 Conn. 758, 763, 621 A.2d 258 (1993). "[A]ny ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the CT Page 9294 policy. . . . This rule of construction may not be applied, however, unless the policy terms are indeed ambiguous." (Citation omitted.) Id. "[T]he mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous." (Internal quotation marks omitted.) Id., 764. If the terms are unambiguous the court must give the natural and ordinary meaning to plain and unambiguous language in the provisions of an insurance contract.Rydingsword v. Liberty Mutual Ins. Co., 224 Conn. 8, 15,615 A.2d 1032 (1992). If ambiguous, however, the general rule is that "`[w]hen the words of an insurance contract are, without violence, susceptible of two interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted.'" Id., 14-15.
The paragraph of the insurance policy regarding coverage states as follows: "The company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . . ." The defendant argues that an "occurrence" is an unexpected event that causes damage or injury, and uses Tiedemann v. Nationwide Mutual Fire InsuranceCo., 164 Conn. 439, 324 A.2d 263 (1973) to support this proposition. The defendant maintains that Tiedemann requires that "occurrence" be interpreted as the fire and not the alleged negligence which caused the fire. The plaintiff contends that the definition of "occurrence" includes the acts or omissions of the plaintiff in 1983 and 1984.
The facts in Tiedemann are similar to the present case in that negligent construction led to a fire which occurred after the expiration of the insurance policy. However, Tiedemann is distinguishable in that the policy in Tiedemann limited coverage to "accidents which occur during the policy period." (Emphasis added.) Id., 442, n. 1. Furthermore, while coverage has been denied in cases where damage occurred after the policy period as CT Page 9295 a result of negligence which occurred inside the policy period, that coverage was dependent upon the occurrence of an "accident" as expressed in the policy language. See Landerman v. United StatesFidelity Guaranty Co., 25 Conn. Sup. 297, 203 A.2d 150 (Super. Ct. 1964); Aetna Casualty Surety Co. v. Abbott Laboratories, Inc.,636 F. Sup. 546 (D. Conn., 1986); Home Mutual Fire Ins. Co. v.Hosfelt, 233 F. Sup. 368 (D. Conn., 1962). In this policy, "occurrence" has not been defined as an "accident."
Moreover, the court in Piccirillo v. Sawala,2 Conn. L. Rptr. 703
(November 7, 1990, Jones, J.) held that "[b]ecause the policy terms are ambiguous as to what particular conduct constitutes `an occurrence' and whether the alleged negligence . . . would be included in this term, [the] granting of summary judgment would be inappropriate." Id., 705. Black's Law Dictionary defines "occurrence" as "[a] coming or happening. Any incident or event, especially one that happens without being designed or expected." Black's Law Dictionary (5th Ed. 1979). This definition also fails to resolve the ambiguity in the policy language since neither the fire, nor the negligent work which led to the fire, were "designed or expected." Moreover, "[t]he definition of an occurrence which gives rise to the insurer's duty to defend the insured in a suit for damages must, logically, be broader than that of an occurrence which gives rise to the duty to indemnify the insured." Plasticrete Corp. v. American Policyholders Ins.,184 Conn. 231, 236 n. 4, 439 A.2d 968 (1981).
The term "occurrence", as used in this defendant's policy, is not clearly defined. Since the definition is ambiguous, a question of fact remains. Accordingly, the defendant's motion for summary judgment is denied.
Robert A. Martin, Judge